328 So.2d 429 (1976)
Rosa Ortega GRILLO, Petitioner,
v.
BIG "B" RANCH et al., Respondents.
No. 46854.
Supreme Court of Florida.
February 25, 1976.
Larry Klein, Cone, Wagner, Nugent, Johnson & McKeown, West Palm Beach, for petitioner.
Kirk Sullivan, Adams, Sullivan & Coogler, and Marjorie D. Gadarian, Jones, Paine & Foster, West Palm Beach, for respondents.
ENGLAND, Justice.
Pursuant to Article V, § 3(b)(3) of the Florida Constitution, we have before us a workmen's compensation case involving the special employer doctrine explained in Berrier v. Associated Indemnity Co., 142 Fla. 351, 196 So. 188 (1940) and Stuyvesant Corp. v. Waterhouse, 74 So.2d 554 (Fla. 1954). The respondent's manager admitted in a deposition introduced in evidence that he had the power to discharge the petitioner from his employment, but attempted in his oral testimony to explain away this admission. The Judge of Industrial Claims chose to believe the admission. However, the Industrial Relations Commission rejected this choice and reversed the order of the Judge.
It is clear that the Commission is not permitted to be a trier of fact in proceedings before it. Adams v. Wagner, 129 So.2d 129 (Fla. 1961). By usurping the role of the Judge in making a determination of credibility the Commission ignored the essential requirements of law. Therefore the writ of certiorari is granted, the order of the Commission is quashed and this case *430 is remanded with instructions to reinstate the order of the Judge of Industrial Claims.
ADKINS, C.J., and OVERTON, SUNDBERG and HATCHETT, JJ., concur.
ROBERTS and BOYD, JJ., dissent.