WENTWORTH, Judge.
Employer/carrier appeal a workers’ compensation order, contending that the deputy commissioner erred in finding that an employment relationship existed and that claimant sustained an injury arising out of and occurring within the course and scope of his employment. We conclude that the deputy did not err and we therefore affirm the order appealed.
Claimant was a day laborer who had worked loading watermelons onto a truck for the employer. It was the employer’s practice to dispatch a van in the morning, providing transportation for prospective workers; the formal hiring process was then completed at the work site. After receiving such transportation, but before the formal hiring decision was made, claimant began spreading hay and then pulled a conveyor belt into a truck in preparation for loading; claimant testified that he often performed these activities upon arriving at the job site. Claimant then testified that as he was positioning the conveyor belt he slipped and fell backwards, whereupon his hand entered a fan duct and a finger was severed.
Employer/carrier’s witnesses disputed claimant’s testimony as to the circumstances of his injury, and further testified that claimant had previously been told not to return to the job site, and that claimant would have been refused employment during the formal hiring process. Claimant testified that he was not told to stay away, that he asked and was allowed to ride out in the van, and that everybody who went out in the van was put to work. Consonant with his function as a fact-finder, the deputy commissioner was entitled, in the context of the recited circumstances, to accept claimant’s testimony and reject the contrary testimony of employer/carrier’s witnesses. See Grillo v. Big “B” Ranch, 328 So.2d 429 (Fla.1976). We therefore conclude that the deputy did not err in finding that an employment relationship existed and that claimant sustained an injury by accident arising out of and occurring within the course and scope of his employment.
The order appealed is affirmed.
BOOTH and THOMPSON, JJ., concur.