WENTWORTH, Judge.
Holder Construction and Travelers Insurance appeal a workers’ compensation order by which they were ordered to pay medical bills and disability benefits upon a determination that “claimant’s continuing problems and his need for continuing remedial and palliative care relate to the 1981 accident with Holder Construction.” Holder and Travelers assert that claimant’s present symptomatology is due to a new injury sustained in another employment. We find that the record contains competent substantial evidence which supports the deputy’s conclusion to the contrary, and we therefore affirm the order appealed.
While working for Holder Construction in 1981 claimant sustained a back injury which required hospitalization. Upon eventually being released from active medical care claimant obtained cleaning employment in a nursing home and part-time work picking fruit. Claimant testified that both of these employments were beyond his physical capabilities and that he was eventually fired from the nursing home job because he missed so much time from work due to his continuing back problem. Claimant further testified that since his 1981 accident he has continued to experience severe and disabling low back pain and muscle spasms, with somewhat less symp-tomatology during the time he was working at the nursing home. After being discharged from this job claimant then obtained employment with Gulf Construction, although he suspected that such work would be beyond his physical capabilities. While so employed for ten days in 1983 claimant again began to experience severe back pain and advised his foreman that his back “gave out.”
Claimant testified that his present back symptomatology is essentially the same as that which he has continued to experience, in varying degrees of severity, since his 1981 industrial accident. In seeking medical treatment in 1983 claimant referred to a “new incident” when his back “gave out.” However, upon considering claimant’s symptomatology since 1981 the physician suggested that claimant’s present condition is “a continuation from the original accident” and a “resumption of his original complaint.”
The acceptance of such evidence and medical testimony is a determination within the ambit of the deputy’s fact-finding authority, as delineated in Grillo v. Big “B” Ranch, 328 So.2d 429 (Fla.1976), and Crowell v. Messana, 180 So.2d 329 (Fla.1965). There is an adequate evidentiary predicate to support the deputy’s determination that claimant’s condition is a continuation of the symptomatology of the 1981 injury, and that Holder and Travelers, the 1981 employer and carrier, are thus responsible for claimant’s compensable medical treatment and disability benefits.
The order appealed is affirmed.
MILLS and SHIVERS, JJ., concur.