WENTWORTH, Judge.
Employer/carrier seek review of a workers’ compensation order by which benefits were awarded upon a determination that claimant sustained a compensable injury rendering him temporarily totally disabled. We affirm the order appealed.
Claimant is a laborer who testified that after he fell while digging a trench at work he experienced weakness and severe inflammation of his lower leg. Although he had suffered from recurrent episodes of thrombophlebitis for over fifteen years claimant had nevertheless been able to maintain strenuous laboring employment despite occasional leg inflammations. However, after the described slip and fall claimant’s condition rendered him incapacitated and he required ambulatory assistance. Claimant promptly sought medical care and he was seen by several physicians and twice hospitalized. Medical reports from these several physicians establish that claimant’s thromboplebitic condition has become acute with newly formed anas-tomosis and collaterals in the left calf. The medical reports also suggest that during the course of his recovery claimant should avoid “the type of work that he has been doing.”
Although claimant’s physicians were not expressly questioned regarding the causal etiology of claimant’s present complaints, their medical reports do indicate a recent aggravation of claimant’s condition, and claimant’s own testimony suggests that the increased severity of his symptomatology was directly preceded by his slip and fall at work. We find that the present case is a proper instance for application of the logical cause doctrine as expressed in Wilhelm v. Westminster Presbyterian Church, 235 So.2d 726 (Fla.1970), and we therefore conclude that the deputy did not err in determining that claimant sustained an industrial accident which severely aggravated his thrombophlebitis.
Employer/carrier has raised several other issues on appeal which we also find to be without error. To the extent that these issues encompass determinations of credibility they are within the ambit of the deputy’s fact-finding authority. See Grillo v. Big “B” Ranch, 328 So.2d 429 (Fla.1976).
The order appealed is affirmed.
NIMMONS and ZEHMER, JJ., concur.