473 So.2d 829 (1985)
HOLLY HILL FRUIT PRODUCTS, Inc., Whiting National Services, Inc., Appellants,
v.
Robert G. KRIDER, Appellee.
No. BC-464.
District Court of Appeal of Florida, First District.
August 9, 1985.
*830 David J. Williams, and Manuela C. Napier, of Lane, Trohn, Clarke, Bertrand & Williams, Lakeland, for appellants.
Robert G. Thornhill, of Howell & Thornhill, Winter Haven, for appellee.
WENTWORTH, Judge.
Employer/carrier seek review of a workers' compensation order by which claimant was awarded medical and temporary disability benefits. We affirm the order appealed.
Claimant was injured when struck by an automobile while walking across a road adjacent to employer's premises. The injury occurred during working hours, and claimant had left the work premises to purchase cigarettes at a nearby convenience store. Claimant testified that he had no regularly scheduled breaks, but rather was allowed to attend to his personal comfort during lulls in the employment. Although employer had an on-premises snack bar with a cigarette vending machine, claimant indicated that the employees generally frequented the convenience store across the street because it had a better selection of goods and was more economical. Employer's plant superintendent admitted that the employees routinely frequented the convenience store to purchase food, drinks, and cigarettes during working hours. The superintendent stated that it was company policy to discourage such off-premises trips, and suggested that the employees should "clock out" before departing the premises. However, there is no indication that such a policy was enforced or ever communicated to claimant.
In awarding benefits the deputy commissioner found that claimant's injury occurred during a refreshment break, and that claimant "was not in violation of any company rule... ." The record provides competent substantial evidence in support of these determinations, and to the extent that they encompass issues of credibility they are within the ambit of the deputy's fact-finding authority. See Grillo v. Big "B" Ranch, 328 So.2d 429 (Fla. 1976).
An employer-condoned off-premises refreshment break of insubstantial duration is generally not such a deviation as to remove a claimant from the course and scope of the employment. See Cunningham v. Scotty's Home Builders, 9 FCR 1 (1973), cert. denied, 307 So.2d 182 (Fla. 1974). In Cunningham the claimant was injured while returning from a convenience store at which he purchased food and drink. Although the off-premises trip in the present case was motivated by a desire to purchase cigarettes, we find this distinction to be insignificant. The trip was a foreseeable and non-prohibited refreshment break activity, and employer's authority over claimant was not significantly dissipated during the course of the trip. As Cunningham indicates, a worker's attendance to personal comfort during a refreshment break is conducive to the facilitation *831 of the employment, and in the circumstances presented in the present case claimant's brief off-premises trip did not remove him from the course and scope of his employment.
The order appealed is affirmed.
NIMMONS and ZEHMER, JJ., concur.