475 So.2d 1288 (1985)
Charles GRAY, Appellant,
v.
EASTERN AIRLINES, INC., & Travelers Ins. Co., Appellees.
No. BD-21.
District Court of Appeal of Florida, First District.
September 17, 1985.
Rehearing Denied October 24, 1985.
Mark L. Zientz, of Williams & Zientz, Coral Gables, for appellant.
*1289 R. Ty Hodges, of Miller, Hodges & Kagan, Miami, for appellees.
WENTWORTH, Judge.
Claimant seeks review of a workers' compensation order by which he was denied medical costs, wage loss and permanent impairment benefits. We reverse the order appealed because we conclude the deputy erred in rejecting application of a personal health and comfort doctrine to claimant's alleged deviation from course of employment at the time of his accident.
Claimant, an Eastern Airlines flight attendant, was injured on February 1, 1984, after a flight from Miami to Rochester, New York, where he had a scheduled lay-over for two days. Eastern paid his lodging at a Holiday Inn in Rochester. On an afternoon during claimant's stay, he broke his nose while playing in a "pick-up" basketball game at a YMCA near the hotel. Holiday Inn guests were entitled to visitation rights at the YMCA without becoming members, although they were charged a $4.00 entrance fee for each day of use. Claimant testified that he was playing basketball to prepare for an Eastern-sponsored basketball tournament scheduled for Atlanta in which employees from various cities would compete. He testified that he also tried to exercise during all lay-overs, saying that Eastern requires flight attendants to stay in good physical condition.
In denying benefits the deputy commissioner found that claimant was injured while engaged in a "personal deviation from the course of his employment." The deputy stated that while Eastern encouraged its employees to participate in the basketball tournament, the airline in no way required such participation. In disposing of the appeal we accept the deputy's determination against a direct employment connection for the specific activity in question, and assume claimant's accident occurred in the course of sports activity for personal health and recreation.
Claimant argues that it is normal and proper for traveling employees to participate in reasonable recreational activities, that no express restrictions had been imposed in this case; and that such activities are not a substantial deviation or noncompensable personal errand beyond the course of employment. § 440.02(6), Florida Statutes (1977). For such an injury to arise out of employment, it must occur within the period of employment, at a place where the employee may reasonably be, and while he is reasonably fulfilling the duties of employment, or engaging in something incidental to it. Fidelity & Casualty Co. of New York v. Moore, 143 Fla., 196 So. 495 (Fla. 1940). When a material deviation occurs an employee is not entitled to compensation for injuries sustained in an accident before returning to the course of employment. Sunshine Jr. Stores Inc. v. Thompson, 409 So.2d 190 (Fla. 1st DCA 1982). Also pertinent to this case is the "traveling employees" rule:
`Employees whose work entails travel away from the employer's premises are held ... to be within the course of their employment continuously during the trip, except when a distinct [departure] on a personal errand is shown. Thus, injuries arising out of the necessity of sleeping in hotels or eating in restaurants away from home are usually held compensable.' 1 A. Larson, Workmen's Compensation Law, § 25.00 (1979).
The parties do not reference any closely analogous Florida case involving a traveling employee injured while engaging in sports activity. But compensation for such an employee injured in personal recreation was awarded in Blakeway v. Lefebure Corp., 393 So.2d 928 (La. App. 4th Cir.1981). The claimant in that case was injured when he dived into the shallow part of a motel swimming pool during a two-week training seminar paid for by his employer. In reversing a lower court's denial of benefits, Blakeway held:
The employer had to contemplate that plaintiff and the other employees would participate in some recreation during their two-week stay for the seminar. One could hardly expect these employees to retire to their rooms and remain practically *1290 immobile on each day when the classes ended ... Plaintiff was not merely pursuing his own business or pleasure because he was entitled to some reasonable recreation as a part of his employer's business of having to remain in a motel in Cedar Rapids, Iowa, for two weeks... .
Our cases have clearly recognized the general rule that an employee whose work entails travel away from the employer's premises remains within the course of employment except when "there is a distinct departure for a nonessential personal errand." N & L Auto Parts v. Doman, 111 So.2d 270, 271 (Fla. 1st DCA 1959).[1] An employee's motel during such travel status has also been deemed to be his place of employment. Hardaway Construction Co. v. Brooks, 416 So.2d 837 (Fla. 1st DCA 1982). A foreseeable, nonprohibited, off-premises refreshment break has not been considered to be a deviation removing a claimant from the course and scope of employment. Holly Hill Fruit Products Inc. v. Krider, 473 So.2d 829 (Fla. 1st DCA 1985). Entitlement to compensation would therefore appear to be reasonably arguable for claimant in the present case if he had incurred his injury in a store or restaurant while purchasing necessary food or drink. See Cunningham v. Scotty's Home Builders, 9 FCR 1 (1973), cert. denied 307 So.2d 182 (Fla. 1974). We conclude that for the claimant in this case, under the circumstances here in question including an enforced lay-over of more than minimal duration, exercise at a nearby facility should be regarded as necessary for the same reasons underlying extension of course of employment in the foregoing cases to other activities reasonably required for personal health and comfort.
Reversed.
ZEHMER, J., concurs.
NIMMONS, J., dissents without opinion.
NOTES
[1] The court there stated that injuries incurred by traveling employees while attending to the normal creature comforts are

predicated on the premise that these acts do not take the employee out of the scope of employment because they are necessary to his health and comfort; that although such acts are personal to the employee, nevertheless they are expected incidents of his away-from-home employment and indirectly, if not directly, benefit the employer; that such acts, therefore, are not in fact deviations from the course of employment.
Id. at 272.