492 So.2d 1373 (1986)
PAN AMERICAN WORLD AIRWAYS and Travelers Insurance Company, Appellants,
v.
Bonita WILMOT, Appellee.
No. BI-31.
District Court of Appeal of Florida, First District.
August 20, 1986.
Guy A. Gladson, Jr., of Gladson & Sullivan, Miami, for appellants.
Stacy J. Ritter, of Pelzner, Schwedock, Finkelstein & Klausner, for appellee.
ERVIN, Judge.
This is an appeal of an award of workers' compensation benefits, based upon a finding that injuries occurring to a worker injured while attempting to light a cigarette were compensable. We affirm.
Appellee is a stewardess employed by Pan American Airlines. In such capacity, appellee, while having dinner at one of several restaurants assigned by her employer during a layover in Caracas, Venezuela, on October 17, 1983, attempted to light a cigarette, and burned her hand when the entire matchbook went up in flames, resulting in the loss of four weeks' work, and her payment of unreimbursed medical bills. Although the employer had not established any policy forbidding smoking by employees while on layovers, the employer/carrier (e/c) refused to accept the accident as work-related and denied payment of the ensuing worker's compensation claim. After a hearing before the deputy commissioner (dc) on June 14, 1985, the dc issued an order finding the accident compensable and ordering the e/c to pay claimant's claim of four weeks' temporary total disability, attorney's fees, and medical expenses.
Appellant, while acknowledging that an airline employee during a layover is in the course of employment, nonetheless argues that smoking is a hazardous habit which does not arise out of the course of employment, is in no way incidental to employment, and that the risks attendant to the employee's smoking habit are not peculiar to her employment, but are rather common to the public.
The appellant's argument is not persuasive. According to Professor Larson, the vast majority of states that have addressed the issue have found injuries that occur to employees while smoking to be compensable. 1A A. Larson, Workmen's Compensation Law (MB) § 21.40 (1978). Although there is no case directly on point in Florida, the traveling employee rule and *1374 the personal comfort doctrine dictate that we uphold the dc's determination of compensability.
The traveling employee rule is summarized in N. & L. Auto Parts Co. v. Doman, 111 So.2d 270, 271 (Fla. 1st DCA 1959), cert. discharged 117 So.2d 410 (Fla. 1960), as follows: "[A]n employee whose work entails travel away from the employer's premises is within the course of his employment at all times during the trip other than where there is a distinct departure for a nonessential personal errand." (e.s.) In N. & L., the court held compensable injuries sustained by an employee, who, while on a business trip, fell on the premises of a motor court, where his work required him to stay. Cases illustrating various types of injuries encompassed within the traveling employee rule include: Leonard v. Dennis, 465 So.2d 538 (Fla. 2nd DCA), pet. for review den., 476 So.2d 673 (Fla. 1985) (injuries sustained in an automobile accident while en route to dinner on a business trip); Jean Barnes Collections v. Elston, 413 So.2d 797 (Fla. 1st DCA 1982) (injuries resulting from rape and attack while staying in a hotel during a business trip); Gray v. Eastern Airlines, Inc., 475 So.2d 1288 (Fla. 1st DCA 1985), review denied 484 So.2d 8 (Fla. 1986) (injuries suffered while playing basketball during a layover).
While conceding that claimant clearly falls within the classification of a traveling employee, the e/c argues that the traveling employee rule is inapplicable to the facts at bar, because smoking is a habit personal to claimant and the risks arising from such habit are not job-related. This argument, however, overlooks or ignores another principle particularly applicable to workers' compensation cases, the personal comfort doctrine, which approves compensation under the theory that "[e]mployees who, within the time and space limits of their employment, engage in acts which minister to personal comfort do not thereby leave the course of employment, unless the extent of the departure is so great that an intent to abandon the job temporarily may be inferred... ." 1A Larson § 21.00 (e.s.). Included in the personal comfort doctrine are such activities as "getting a drink of water, seeking a breath of fresh air, eating, smoking, and the like." Id. at § 20.10 (e.s.). As this court has itself recognized: "[C]ompensability is not defeated by the fact that an injury is sustained while an employee is furthering his personal comfort." Baker v. Orange County Board of County Commissioners, 399 So.2d 400, 401 (Fla. 1st DCA), pet. for review den., 411 So.2d 383 (Fla. 1981) (e.s.) (worker suffered a compensable accident when burned by electrical socks he wore to keep warm in cold weather); B and B Cash Grocery Stores v. Wortman, 431 So.2d 171 (Fla. 1st DCA 1983) (injury sustained while diving into a river during a break between lawn maintenance jobs); Citrus Memorial Hospital v. Cabrera, 388 So.2d 345 (Fla. 1st DCA 1980) (injury occurred while employee was using restroom facilities at work).
Although, as stated, there is no case in Florida directly applicable to the issue on appeal, we observe that the facts at bar are similar to those in Holly Hill Fruit Products, Inc. v. Krider, 473 So.2d 829 (Fla. 1st DCA 1985), where we found that a compensable accident occurred when an employee was struck by an automobile while walking across a road during working hours for the purpose of purchasing cigarettes. There was, moreover, as in the case at bar, no company policy forbidding such personal conduct. Id. at 830. We fail to find a material distinction between the hazards attendant to one's walking across a street to purchase a pack of cigarettes and the risk of fire while lighting a cigarette.
AFFIRMED.
SHIVERS and THOMPSON, JJ., concur.