543 So.2d 822 (1989)
EASTERN AIRLINES and North River Insurance Company, Appellants,
v.
Chandler RIGDON, Appellee.
No. 88-2565.
District Court of Appeal of Florida, First District.
May 10, 1989.
Rehearing Denied June 14, 1989.
Robert P. Byelick, of Lyle & Skipper, P.A., St. Petersburg, for appellants.
George B. Cappy, Tampa, for appellee.
WIGGINTON, Judge.
This is an appeal from an award of workers' compensation benefits based upon the deputy commissioner's finding that the injury incurred by claimant while skiing was compensable. We reverse.
Claimant, employed by Eastern Airlines as a flight attendant, suffered a serious fracture of his leg in a skiing accident while on a 24-hour layover in Portland, Oregon. Claimant was scheduled to leave from Portland and eventually to return to his final destination of Miami after the layover. While in Portland, he and some crew members planned a day-trip to go snow skiing. The ski lodge at which claimant was injured was some 58 miles from claimant's Portland hotel. Ordinarily, during such layovers, Eastern places no restrictions on its employees except to abstain from alcoholic beverages eight hours prior to flight time and to be downstairs at the hotel at pickup time. Otherwise, crew members are free to do anything they wish to do and are completely on their own. Following a hearing, the deputy held that claimant sustained a compensable accident, finding to be controlling the cases of Pan *823 American World Airways v. Wilmot, 492 So.2d 1373 (Fla. 1st DCA 1986), and Gray v. Eastern Airlines, Inc., 475 So.2d 1288 (Fla. 1st DCA 1985). In so holding, the deputy found that the ski lodge was a relatively short drive from the hotel.
The E/C acknowledge that claimant falls within the purview of the traveling employee rule. That rule is as follows: "[A]n employee whose work entails travel away from the employer's premises is within the course of his employment at all times during the trip other than when there is a distinct departure for a non-essential personal errand." N. & L. Auto Parts Company v. Doman, 111 So.2d 270, 271-272 (Fla. 1st DCA 1959).
The E/C also recognize that in applying the traveling employee rule, the personal comfort doctrine may be applicable. As observed in Pan American World Airways v. Wilmot, that doctrine "approves compensation under the theory that `[e]mployees who, within the time and space limits of their employment, engage in acts which minister to personal comfort do not thereby leave the course of employment, unless the extent of the departure is so great that an intent to abandon the job temporarily may be inferred ...'" (emphasis in original).
Despite claimant's innovative argument to the contrary, we agree with the E/C that neither of the above maxims applies in the instant case to justify the deputy commissioner's conclusion that claimant's injury was compensable. Regarding the traveling employee rule, significant to note in N. & L. Auto Parts Company v. Doman is this Court's observation that injuries incurred during travel and while attending to the "normal creature comforts and reasonably comprehended necessities" are to be distinguished from "those incurred in the course of amusement ventures." 111 So.2d at 272. In N. & L. Auto Parts, the court held compensable injuries sustained by an employee, who, while on a business trip, fell on the premises of a motor court where his work required him to stay. However, we noted that "when one is engaged in a purely private mission he is not within the scope of his employment until he returns to the employer's place of business or point of departure." Id. [footnote omitted]. Thus, in that case, we were careful to point out that had the claimant been injured while on his private mission, either in going into a nearby town to see a movie or in returning to the motor court, such injury would not have been compensable. However, since the claimant's deviation had come to an end when he left the taxi on his return to the motor court, and since he was injured while walking across the lawn  a place where he had a right to be subsequent to the deviation  the claimant was in the course of his employment when the accident occurred.
In contrast, we must conclude in the instant case that claimant's injury occurred while he was on a purely private mission designed strictly as an amusement venture bearing little relation to his normal creature comforts and comprehended necessities. Although Gray v. Eastern Airlines, Inc. was cited by this Court in Pan American World Airways v. Wilmot as a case illustrating a type of injury encompassed within the traveling employee rule, and was also cited by the deputy commissioner herein, we must agree with the E/C that the circumstances of that case are distinguishable.
In Gray, the injury arose from a basket-ball game played at a YMCA nearby to the claimant's hotel room, and at which, hotel guests were entitled to visitation rights. This Court assumed that the game constituted a sports activity reasonably necessary for personal health and recreation but also compared the activity to circumstances where an employer could reasonably expect an employee to enjoy the swimming pool of the hotel where he is lodged during a two-week seminar. Thus, the thrust of our decision in Gray was directed toward the insubstantial deviation and the reasonableness and foreseeability of the activity. We cannot conclude in the instant case that a 58-mile day-trip to pursue one's love of skiing is either a minimal deviation or a reasonable and foreseeable activity, especially in light of the nature of the sport of skiing which involves a great amount of risk. Accord Ridgway v. Combined Insurance *824 Companies of America, 98 Idaho 410, 565 P.2d 1367 (1977) (traveling employee is not entitled to portal-to-portal coverage while away from home and an employee who might be injured while engaging in a nonbusiness related activity such as skiing or scuba diving could be found to have distinctly departed on a personal errand unrelated to employment).
Similarly, we are compelled to agree with the E/C that the injury suffered in the instant case cannot be found compensable on the basis of the personal comfort doctrine. While in Pan American World Airways v. Wilmot, this Court found that the injury sustained by the claimant when a match book went up in flames while she was lighting a cigarette was compensable since she was pursuing an activity related to her personal comfort, we are not inclined to extend the doctrine to the skiing accident in the instant case. In justifying our affirmance of the award of compensation in Wilmot, this Court observed that universally included in the personal comfort doctrine are "such activities as `getting a drink of water, seeking a breath of fresh air, eating, smoking, and the like.'" 492 So.2d at 1374 [emphasis in original]. We cannot conceive of a rule that would include downhill skiing in a list of such personal activities as drinking, breathing, eating, or even smoking.
Although claimant relies heavily on this Court's opinion in B & B Cash Grocery Stores v. Wortman, 431 So.2d 171 (Fla. 1st DCA 1983), again we must distinguish that case on its facts. In B & B, the claimant sustained an injury while diving into a river during a break between lawn maintenance jobs. In concluding that the injury was compensable, this Court found that the injury occurred within the period of employment at a place where the employee might reasonably be, and while he was reasonably fulfilling the duties of his employment or engaged in doing something incidental to it. It was revealed in B & B that the claimant was engaged in a common practice with the boys on the ground maintenance crew to cleanse themselves between jobs, an activity which was impliedly consented to by the claimant's supervisor, which increased the productivity of the employees, and which was incidentally beneficial to the employer. Although we might expect the claimant in this case to argue strenuously that his skiing increased his productivity and was therefore incidentally beneficial to the employer, we decline to extend the personal comfort doctrine to such an extreme.
Accordingly, for the foregoing reasons, we reverse the order of the deputy commissioner that found claimant's injury to be compensable and awarded benefits.
SMITH, C.J., and SHIVERS, J., concur.