WENTWORTH, Senior Judge.
The Employer/Servicing Agent seek review of the judge of compensation claims’ order awarding Claimant benefits for an accident that occurred on January 7, 1993. The E/SA defended on the basis of section 440.092(3), Florida Statutes (1991), asserting that the accident occurred dining a deviation from Claimant’s employment, and was therefore not compensable. The judge found the claim to be compensable by applying the personal comfort doctrine, and ruled that the doctrine had not been abrogated by section 440.092(3). We affirm.
Competent and substantial evidence supports the judge’s finding that Claimant was injured in an off-premises automobile accident during working hours while he was, as alleged by the employer, “arguably going to [a convenience store] either for food or for cigarettes.” (Claimant could recall nothing of the accident or the events immediately preceding the accident.) The evidence also supports the judge’s finding that Claimant was not in an area where he was forbidden to be. The employer admitted that it did not sell cigarettes and that its employees were allowed to leave the premises during breaks. In addition, there was testimony to the effect that the convenience store was routinely frequented by employees seeking refreshment and cigarettes.
The judge concluded that the above facts did not show a degree of deviation from employment sufficient to justify a finding of non-compensability. We agree, and concur in the judge’s opinion that the facts of the instant case are similar to those in Holly Hill Fruit Products, Inc. v. Krider, 473 So.2d 829 (Fla. 1st DCA 1985). In that case, we applied the personal comfort doctrine in affirming an order awarding benefits, where a claimant had left the employer’s property to purchase cigarettes and was injured while returning. We held that “[a]n employer-condoned off-premises refreshment break of insubstantial duration is generally not such a deviation as to remove a claimant from the course and scope of the employment.” Id. at 830. The E/SA contend, however, that the personal comfort doctrine has been effectively eliminated by section 440.092(3), which provides:
An employee who is injured while deviating from the course of his employment, including leaving the employer’s premises, is not eligible for benefits unless such deviation is expressly approved by the employer, or unless such deviation or act is in response to an emergency and designed to save life or property.
We find no such effect should be accorded this provision.
Underlying the E/SA’s contention is the notion that an off-premises accident *1142 which occurs while the employee is attending to his personal needs does not occur within the course and scope of the worker’s employment. That position might have arguable merit under other circumstances if the accident and injury had occurred while Claimant was off the employment premises on a temporary personal mission, and there was no showing of any element of benefit to the employer. See Toyota of Pensacola v. Maines, 558 So.2d 1072 (Fla. 1st DCA 1990). However, the fact that Claimant was attending to a reasonable personal comfort need alters the analysis. As we explained in Kri-der, “a worker’s attendance to personal comfort during a refreshment break is conducive to the facilitation of the employment,” and does not thereby remove the worker from the course and scope of his employment. 473 So.2d at 830. This observation is consistent with Professor Larson’s discussion of the personal comfort doctrine in his comprehensive treatise:
Employees who, within the time and space limits of their employment, engage in acts which minister to personal comfort do not thereby leave the course of employment, unless the extent of the departure is so great that an intent to abandon the job temporarily may be inferred, or unless, in some jurisdictions, the method chosen is so unusual and unreasonable that the conduct cannot be considered an incident of the employment.
1A Larson, The Law of Workmen’s Compensation, § 21.00, p. 5-5 (1994).
Based on the foregoing, and under the facts of the present case, we conclude that Claimant’s off-premises act in reasonable pursuit of personal comfort needs during employment hours, and at a place condoned by the employer, was not a deviation from his work within the contemplation of section 440.092(3). Since the evidence supports the judge’s conclusion that Claimant’s trip did not remove him from the course and scope of his employment, the order appealed is affirmed.
ALLEN and DAVIS, JJ., concur.