552 S.E.2d 39

**Richard DUKES, Employee, Respondent,**

v.

**RURAL METRO CORPORATION, Employer, and Reliance National Indemnity Co., Carrier, Appellants.**

No. 3372.

Court of Appeals of South Carolina.

Heard Oct. 11, 2000.

Decided July 23, 2001.

Rehearing Denied Sept. 19, 2001.

Kirsten L. Barr, of Trask & Howell, of Mt. Pleasant, for appellants.

Daniel A. Beck, of Asbill & Beck, of Charleston, for respondent.

SHULER, Judge:

Rural Metro Corporation and its carrier, Reliance National Indemnity Co., appeal the circuit court's order affirming a workers' compensation award to Richard Dukes. We affirm.

## FACTS/PROCEDURAL HISTORY

Rural Metro Corporation employed Richard Dukes as an emergency medical technician at its base in Walterboro, South Carolina. On October 7, 1997, Dukes, accompanied by his partner, Terry Salzman, left his office to take a smoking break in a designated area outside the building. Because Dukes and Salzman shared a mutual interest in guns, Salzman retrieved a newly purchased pistol and gave it to Dukes for inspection. Dukes looked the weapon over and handed it back. As he turned away, the pistol accidentally discharged and a bullet struck Dukes in the upper left thigh, fracturing his femur.

Dukes filed a Form 50 request for workers' compensation benefits and a hearing was held June 8, 1998. In his testimony, Dukes recounted the incident as described above, which Salzman confirmed. The single commissioner denied the claim, finding Dukes' injury "did not arise out of" his employment as there was "no causal connection" between his work conditions and the accidental gunshot wound. On appeal, the full commission reversed, stating Dukes suffered "a compensable injury by accident" because the shooting occurred during his "down time" and he was neither an aggressor nor involved in horseplay. On August 23, 1999, the circuit court affirmed the commission, concluding the gunshot wound "arose out of" Dukes' employment with Rural Metro, thereby entitling him to compensation. This appeal followed.

## LAW/ANALYSIS

### Standard of Review

The full commission is the ultimate fact finder in a workers' compensation case. *Shealy v. Aiken County,* 341 S.C. 448, 535 S.E.2d 438 (2000). However, when the facts are admitted or otherwise undisputed, the question of whether an accident is compensable is purely a question of law. *Douglas v. Spartan Mills,* 140 S.E.2d 173, 245 S.C. 265 (1965); *Eadie v. H.A. Sack Co.,* 322 S.C. 164, 470 S.E.2d 397 (Ct.App.1996). Under such circumstances, this Court may not reverse unless the commission's decision was controlled by an error of law. *See Hamilton v. Bob Bennett Ford,* 336 S.C. 72, 76, 518 S.E.2d 599, 601 (Ct.App.1999) ("The appellate court's review is limited to deciding whether the [c]ommission's decision is unsupported

by substantial evidence or is controlled by some error of law."); *see also* S.C.Code Ann. § 1–23–380(A)(6)(d), (e) (Supp. 2000).

In the context of workers' compensation law, an employee's injury must be caused by an "accident arising out of and in the course of the employment." S.C.Code Ann. § 42–1–160 (1985 & Supp.2000). Since the facts of this case are not in dispute and Rural Metro concedes Dukes' injury occurred in the course of his employment, the sole issue on appeal is whether his accidental injury "arose out of" his employment with Rural Metro.

■ Our supreme court has stated often that " '[a]rising out of' refers to the origin of the cause of the accident. . . ." *Baggott v. S. Music, Inc.*, 330 S.C. 1, 5, 496 S.E.2d 852, 854 (1998). In other words, the accident and ensuing injury "must be proximately caused by the employment." *Broughton v. S. of the Border*, 336 S.C. 488, 497, 520 S.E.2d 634, 638 (Ct.App. 1999). An accidental injury arises out of one's employment, therefore, "when there is a causal connection between the conditions under which the work is required to be performed and the resulting injury." *Id.; see Douglas*, 245 S.C. at 269, 140 S.E.2d at 175.

■ In the instant case, Dukes' testimony reveals Salzman's firearm was in no way associated with his employment. As a result, Rural Metro argues Dukes' injury is not compensable because there was no causal connection between his job as a paramedic and the accidental shooting. This argument, however, fails to recognize that proof of a causative relationship is not required when an accident occurs during a clearly defined break from work within the parameters of the personal comfort doctrine.

■ Courts utilize the personal comfort doctrine to determine when an entirely personal workplace activity is sufficiently incidental to the employment to permit recovery under our workers' compensation statute. *See Osteen v. Greenville County Sch. Dist.*, 333 S.C. 43, 508 S.E.2d 21 (1998); *Gibson v. Spartanburg Sch. Dist. No. 3*, 338 S.C. 510, 526 S.E.2d 725 (Ct.App.2000). As the court reiterated in *Osteen*:

[It is] well settled that an employee, in order to be entitled to compensation, need not necessarily be engaged in the actual performance of work at the time of injury; it is enough if he is upon his employer's premises, occupying himself consistently with his contract of hire in some manner pertaining to or incidental to his employment.

*Osteen*, 333 S.C. at 47, 508 S.E.2d at 23 (quoting *McCoy v. Easley Cotton Mills*, 218 S.C. 350, 355–56, 62 S.E.2d 772, 774 (1950)). Simply put, the personal comfort doctrine judicially decrees that, because certain on-the-job acts of personal comfort are "necessarily contemplated," they are incidental to the employment itself and thereby encompass the inevitable attendant dangers. *Id.* As a consequence, an accidental work injury sustained during an activity covered by the doctrine is "*deemed* to have arisen out of the employment." *Id.* at 46, 508 S.E.2d 21, 508 S.E.2d at 23 (emphasis added) (quoting *Mack v. Post Exch.*, 207 S.C. 258, 264, 35 S.E.2d 838, 840 (1945)).

■ Smoking is unquestionably a personal comfort activity under the doctrine. *See id.* at 47–48, 508 S.E.2d at 23 (stating the doctrine is limited to "imperative acts such as eating, drinking, smoking, seeking relief from discomfort [i.e., getting warm, getting fresh air or relief from heat, seeking toilet facilities], preparing to begin or quit work, and resting or sleeping"); *Mack*, 207 S.C. at 265, 35 S.E.2d at 841 ("[T]he employer must expect the employed to resort to the use of tobacco as a necessary adjunct to the discharge of his employment.") (citation omitted).

Here, Rural Metro acknowledges Dukes was on an authorized smoking break when the accident occurred. Because this activity falls squarely within the personal comfort doctrine, we find Dukes' smoking break per se incidental to his employment. Accordingly, the gunshot wound sustained by Dukes is deemed to have arisen from his employment with Rural Metro and is therefore a compensable injury. *Compare McCoy*, 218 S.C. at 356, 62 S.E.2d at 774 (finding employee's injury, incurred when a co-worker threw a copper pipe and struck him in the eye, compensable because the accident occurred during a smoke break and therefore arose "out of" his employment), *and Mack*, 207 S.C. at 264, 35 S.E.2d at 840 ("[Since] the accidental [burn] injury resulted from [Mack's] effort to gratify his desire to smoke, such activity did not

remove Mack from the protection of the compensation law."), *with Osteen*, 333 S.C. at 48, 508 S.E.2d at 24 (concluding that although employee sustained back injury during authorized break from work, accident was not compensable under personal comfort doctrine because employee was obtaining ice for an upcoming family picnic at the time, an activity not deemed a "natural incident" of employment since it did not involve "smoking, resting, sleeping, eating, drinking, seeking relief from discomfort, or preparing to begin or quit work").

**AFFIRMED.**

STILWELL and HOWARD, JJ., concur.