587 S.E.2d 687

**Richard DUKES, Employee, Respondent,**
v.
**RURAL METRO CORPORATION, Employer, and Reliance National Indemnity Co., Carrier, Petitioners.**

No. 25730.

Supreme Court of South Carolina.

Heard May 13, 2003.
Decided Oct. 13, 2003.

Kirsten Leslie Barr, of Trask & Howell, of Mt. Pleasant, for Petitioners.

Daniel A. Beck and Etta K. Simons Collins, both of Asbill & Beck, of Charleston, for Respondent.

Chief Justice TOAL.

This Court granted Rural Metro Corporation's ("Rural Metro") petition for certiorari to review whether its employee can recover Workers' Compensation benefits for an accidental gunshot wound that occurred while the employee was on a smoke break.

## FACTUAL/PROCEDURAL BACKGROUND

While working as a paramedic for Rural Metro, Richard Dukes ("Dukes") and his co-worker took a smoke break. Dukes did not need to "clock-out" for such breaks and received compensation for the breaks. While on break, Dukes' co-worker went to her car and returned with the pistol she had recently acquired to bring back and show Dukes. She handed the pistol to Dukes, who examined it and gave it back to her. The gun then accidentally discharged, shooting Dukes in his upper thigh.

The Workers' Compensation Commissioner found that Dukes' injury did not arise out of his employment with Rural Metro and denied his claim for benefits. The Commission's appellate panel reversed, finding that Dukes suffered a compensable injury during "down time," which was part of his job. The Circuit Court affirmed the panel, holding that the gunshot accident arose out of Rural Metro's employment of Dukes, and the Court of Appeals affirmed. *Dukes v. Rural Metro Corp.*, 346 S.C. 369, 552 S.E.2d 39 (Ct.App.2001). Rural Metro petitions the Court to review the following issue:

Did the Court of Appeals err in finding that Dukes' injury was compensable?

## LAW/ANALYSIS

 This Court will not overturn a decision by the Workers' Compensation Commission unless the determination is unsupported by substantial evidence. *Lark v. Bi–Lo, Inc.,* 276 S.C. 130, 276 S.E.2d 304 (1981). "Substantial evidence is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached to justify its action." *Howell v. Pacific Columbia Mills,* 291 S.C. 469, 354 S.E.2d 384 (1987).

 An employee may recover worker's compensation benefits if he sustained an "injury by accident arising out of and in the course of employment." S.C.Code Ann. § 42–1–160 (1985). Rural Metro argues that the statute does not contemplate Dukes' injury. We agree.

This Court has held that an accidental injury that occurs during a routine break from work is compensable under the personal comfort doctrine. In *Mack v. Branch No. 12, Post Exchange, Fort Jackson,* 207 S.C. 258, 35 S.E.2d 838 (1945), this Court gave the following rationale about why the worker is covered for an injury that occurs during a routine personal break:

> Such acts as are necessary to the life, comfort, and convenience of the servant while at work, though strictly personal to himself, and not acts of service, are incidental to the service, and injury sustained in the performance thereof is deemed to have arisen out of the employment. A man must breathe and occasionally drink water while at work. In these and other conceivable instances he ministers unto himself, but in a remote sense these acts contribute to the furtherance of his work.... That such acts will be done in the course of employment is necessarily contemplated, and they are inevitable incidents. **Such dangers as attend them,** therefore, are incident dangers. At the same time **injuries occasioned by them** are accidents resulting from the employment.

*Mack,* 207 S.C. at 264–265, 35 S.E.2d at 840 (citation omitted) (emphasis added). In *Mack,* we held the employee was enti-

tled to compensation resulting from injuries suffered during a smoke break, when his pant leg caught fire after cigarette lighter fluid spilled on it. Similarly, in *McCoy v. Easley Cotton Mills*, 218 S.C. 350, 62 S.E.2d 772 (1950), we held an employee on a smoke break who was injured after turning and accidentally walking into a piece of copper piping held by a co-employee was entitled to compensation. The copper piping was used in the air conditioning of the mill, and the employees had, immediately prior to the accident, been discussing using the piping in order to make a travis key, which was used by the claimant in his employment as a doffer.

*Mack* and *McCoy* are distinguishable from the instant case. In both of those cases, the injuries which occurred were occasioned by the dangers that attended to the smoke breaks, e.g., in *Mack*, the very fact of smoking was the attendant danger, and in *McCoy*, it was the copper piping used at the mill which caused the injury. Unlike those cases, Dukes was injured by a gun, which was not naturally found on his employer's premises, and was in no way connected to his employer's business. Accordingly, it was not such a danger as attended his employment. *Cf. Bright v. Orr–Lyons Mills*, 285 S.C. 58, 59, 328 S.E.2d 68, 70 (1985) (employee shot while walking from the building where he worked toward his car was "in the course of his employment" but his injury did not arise out of his employment because the accident bore no "logical causal relation" thereto; to be compensable, accident "must appear to have had its origin in a risk connected with the employment and to have flowed from that source as a logical consequence").

We find that Dukes' injury did not "arise out of" his employment with Rural Metro because there was no nexus connecting his job as a paramedic to his colleague's handgun that they were examining during a smoke break. *Osteen v. Greenville County School Dist.*, 333 S.C. 43, 50, 508 S.E.2d 21, 25 (1998) ("The injury arises out of employment when there is a causal connection between the conditions under which the work is required to be performed and the resulting injury.").

Our decision is in accord with Professor Larson's view that the personal comfort doctrine does not cover Dukes' injury:

The purpose of the personal comfort doctrine is to allow employees to attend to their biological personal require-

ments. People need to take breaks, go to the bathroom, even smoke a cigarette. Do employees need, however, to play with guns? Allowing an employee to go to the bathroom, to walk outside to clear his or her head, or to take other short breaks is good for the employer's business. Injuries sustained during those activities should be compensable. Injuries sustained while handling a privately owned pistol should not. Allowing the employment to be expanded so as to include the type of activity found in *Dukes* seems to go far beyond the original intent of the doctrine.

Arthur Larson, *Larson's Workers' Compensation Law,* § 21.08[4][a] (2002) (analyzing the Court of Appeals' *Dukes* decision).

### CONCLUSION

Based on the reasoning above, we **REVERSE** the Court of Appeals and find that Dukes' injury did not "arise out of" his employment with Rural Metro.

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.