VAN NORTWICK, J.
Thomas Galaida challenges a final worker’s compensation order which denied entirely his claim for medical and indemnity benefits. The Judge of Compensation Claims (JCC) denied the claim on the finding that Galaida substantially deviated from employment at the time of his accident. For the reasons that follow, we affirm the denial of the claim.
While Galaida was working at an auto parts store, he walked outside to his car which was parked in the store parking lot for the purpose of obtaining a cigarette. As he opened the car door, a loaded firearm fell to the ground and discharged. Galaida was shot in the leg. While he originally claimed he was the victim of a drive-by shooting, Galaida later admitted he was wounded by his own weapon. It is undisputed that Galaida’s employer maintains a policy against possession of firearms on the store premises. The JCC found that this store policy was violated by Galaida, and, thus, he substantially deviated from work activities such that he was not entitled to worker’s compensation benefits.
On appeal, Galaida argues that, because store employees were permitted to take a smoking break, his visit to the ear to obtain a cigarette cannot be deemed a deviation from employment. Instead, Ga-laida argues, his injury must be deemed compensable under the personal comfort doctrine, which provides that an employee administering to his personal comfort does not leave the course of employment, unless the extent of the departure is great or that the method chosen to attend to that comfort is unusual and unreasonable. See Bayfront Medical Center v. Harding, 653 So.2d 1140 (Fla. 1st DCA 1995). The personal comfort doctrine is based on the rationale that an employee’s attendance to his personal comfort does not remove that employee from the scope and course of employment because such attendance to personal comfort “is conducive to the facilitation of the employment.” Holly Hill Fruit Products, Inc. v. Krider, 473 So.2d 829, 830-1 (Fla. 1st DCA 1985).
The personal comfort doctrine incorporates a foreseeability element to the cause of injury. Thus, in Holly Hill Fruit Products, an employee who was injured while crossing a street to purchase cigarettes was held to have sustained a compensable injury because the “trip was a foreseeable and non-prohibited refreshment break activity, "and employer’s authority over claimant was not significantly dissipated during the course of the trip.” Id. at 830 (emphasis added). Similarly, in B & B Cash Grocery Stores v. Workman, 431 So.2d 171, 174 (Fla. 1st DCA 1983), an employee injured while attending to his personal comfort by washing off in a river was held to have sustained a compensable injury because “diving into the Alafia River was a momentary deviation without obvious danger, was impliedly tolerated, and was reasonably foreseeable ” (emphasis added).
*1113 Being exposed to a firearm, however, is not a foreseeable consequence of an authorized cigarette break, especially when the possession of a firearm is strictly prohibited by the employer. Moreover, Galaida’s possession of a firearm, in violation of his employer’s policy, was not conducive to the employer’s interests. Thus, he should not benefit from the doctrine. See Boulevard Manor Nursing Home v. Lacombe, 557 So.2d 945, 946 (Fla. 1st DCA 1990)(“Claimant [a nurse] took her break early, did not have permission to leave, and, in particular, did not have permission to leave with the narcotics key. Under these circumstances, substantial deviation from employment was established.”).
We find persuasive the decision of the South Carolina supreme court in Dukes v. Rural Metro Corp., 356 S.C. 107, 587 S.E.2d 687 (S.C.2003). There, the court held that an injury sustained as a result of a gunshot wound is not an injury eligible for worker’s compensation benefits. The employee in Dukes, a paramedic, was taking a smoking break when he accompanied a fellow employee to her car to examine a newly-acquired pistol. The pistol accidentally discharged, and the employee was shot in the leg. The employee sought worker’s compensation benefits under the personal comfort doctrine. The court held that while an accidental injury which occurs “during a routine break from work is compensable under the personal comfort doctrine,” an injury sustained by a paramedic examining a colleague’s gun during a smoking break is not because the personal comfort doctrine is intended to apply only to dangers attendant to routine personal breaks. The Dukes court explained:
Such acts as are necessary to the life, comfort, and convenience of the servant while at work, though strictly personal to himself, and not acts of service, are incidental to the service, and an injury sustained in the performance thereof is deemed to have arisen out of the employment. A man must breathe and occasionally drink water while at work. In these and other conceivable instances he ministers unto himself, but in a remote sense these acts contribute to the furtherance of his work ... That such acts mil be done in the course of employment is necessarily contemplated, and they are inevitable incidents. Such dangers as attend them, therefore, are incident dangers. At the time injuries occasioned by them are accidents resulting from the employment.
587 S.E.2d at 689 (quoting Mack v. Branch No. 12, Post Exchange, Fort Jackson, 207 S.C. 258, 35 S.E.2d 838, 840 (S.C.1945); emphasis added).
Accordingly, Galaida’s accident is not compensable under the personal comfort doctrine.
Further, we reject Galaida’s additional argument that his accident is com-pensable under the so-called “horseplay doctrine.” See, e.g., Tanguilan v. PMI Employee Leasing, 832 So.2d 176 (Fla. 1st DCA 2002)(holding that claimant only momentarily deviated from his employment when he lit an explosive while waiting to clock out at the end of his shift and thus his injuries were compensable); Dunlevy v. Seminole County DPS, 792 So.2d 592 (Fla. 1st DCA 2001)(holding that the claimant’s playful roughhousing with another employee while the shift changed was only a momentary and insignificant deviation from work duties and that consequently the claimant’s injuries arising from the incident were compensable). Under this doctrine, if an employee is injured during a momentary deviation from employment for the purpose of play, the injury may nevertheless be compensable. Ga-laida’s claim is not compensable under the horseplay doctrine, however, because Ga- *1114 laida’s injury did not result or arise from momentary horseplay.
Accordingly, the order denying worker’s compensation benefits is AFFIRMED.
WOLF, C.J. and ERVIN, J., concur.