PER CURIAM.
Bruce Houck, on behalf of his decedent Ellen Houck, appeals a final order of the Judge of Compensation Claims (JCC) denying a claim for death benefits and funeral expenses. Appellant argues the JCC erred by finding Ellen was not entitled to these benefits because she did not qualify as a “traveling employee” as provided in section 440.092(4), Florida Statutes (2002). For the reasons explained below, we affirm.

I. BACKGROUND

Ellen was employed by the employer/carrier (E/C) as a property manager in Jacksonville, Florida. Mr. Michael Cecala was a fellow property manager employed by the E/C in North Miami. Ellen had trained Mr. Cecala, and he requested additional training from Ellen, which the E/C approved. This training was to commence *75 on Monday morning, September 9, 2002, and last the entire week. Because she had a female friend in Ft. Lauderdale, Ellen made arrangements to fly there on the Saturday before her training assignment was to begin. The two friends planned to pass the weekend in purely leisure activities.
Ellen’s supervisor explained that employees required to travel for company business could fly to their business destination early, as the employer had to pay for the round-trip ticket in any event. Such employees were, however, “on their own” during the days before the business activities started, and the employer did not reimburse any expenses incurred by employees on these days. When the business activities commenced in the morning, the E/C allowed employees to travel to the destination the day before and generally reimbursed those expenses.
For personal reasons, Ellen’s friend could not meet her in Ft. Lauderdale. Consequently, Mr. Cecala met Ellen at the airport, and drove her to an E/C-owned condominium where Ellen planned to stay for the week. Mr. Cecala then drove Ellen to a restaurant for dinner, during which they discussed business and non-business topics. After dinner they went window shopping near the beach, during which time they did not discuss business. Ellen wanted to go dancing, and Mr. Ceca-la agreed. They drove to a night club, parking across the street. At about 2:00 a.m., as she was attempting to cross the street, Ellen was struck by a car, suffering fatal injury.
Appellant sought payment of death benefits and funeral expenses, asserting Ellen was a traveling employee at the time of her death. The JCC denied the claim, finding, inter alia, Ellen was not in the course and scope of her employment at the time of the accident, and therefore was not a traveling employee pursuant to section 440.092(4), Florida Statutes (2002).

II. ANALYSIS

This case involves the application of undisputed facts to the law. Such cases are reviewed de novo. See Gilbreth v. Genesis Eldercare, 821 So.2d 1226, 1228 (Fla. 1st DCA 2002).

A. Traveling Employees

Section .440.092(4), Florida Statutes, concerns traveling employees and, in relevant part, provides:
An employee who is required to travel in connection with his or her employment who suffers an injury while in travel status shall be eligible for benefits under this chapter only if the injury arises out of and in the course of employment while he or she is actively engaged in the duties of employment.
Under the general rule, where an employee, as part of her duties, must remain in a particular place or locality until directed otherwise, or for a specified length of time, such an employee is not expected to wait immobile, but may indulge in any reasonable activity at that place, and if she does so, the risk inherent in such activity is an incident of employment. See Garver v. E. Airlines, 553 So.2d 263, 267 (Fla. 1st DCA 1990). The test as to whether a specific activity is considered to be within the scope of employment or purely personal is the reasonableness of the activity. Furthermore, a traveling employee may satisfy physical needs, including relaxation. Id.
One sees a common strain in “traveling employee” cases-either a forced layover or a period of “down time” during a business trip in a location subject to the employer’s requirements. The most prevalent example finds a flight attendant away from home, in between assignments. See, e.g., *76 Am. Airlines v. LeFevers, 674 So.2d 940, 942 (Fla. 1st DCA 1996); Garver, 553 So.2d 263; Gray v. E. Airlines, 475 So.2d 1288 (Fla. 1st DCA 1985).
Here, Ellen, although on a trip, was not a “traveling employee” when the accident occurred. For purely personal reasons, Ellen decided to fly to Ft. Lauderdale on the Saturday before her business responsibilities were to commence the following Monday morning. She planned early travel in order to spend Saturday night, and all day Sunday, engaged in purely leisure activities with a friend.
Thus, unlike a flight attendant obligated to remain away from home in between assignments, Ellen’s presence in Ft. Laud-erdale at the time of the accident was purely voluntary. That she engaged in an impromptu business discussion over dinner did not alter her status. Because Ellen did not fall into the category of “traveling employee” at the time of the accident, the general rule applicable to such employees did not apply to her. With reference to the statute, no requirement of the E/C led Ellen to Ft. Lauderdale on Saturday.

B. Course and Scope of Employment

Although Ellen was not a traveling employee at the time of her accident, workers’ compensation benefits may have been available had she been in the course and scope of her employment when the accident occurred. Here, Ellen was in the course and scope of her employment while traveling from the airport to the E/C’s condominium and, perhaps, during the business discussions over dinner. The connection to employment, however, broke once Ellen and Mr. Cecala went window shopping. Travel to a night club did not restore such connection. Consequently, Ellen was not in the course and scope of her employment at the time of the accident as a matter of law.
AFFIRMED.
HAWKES, C.J., KAHN and BROWNING, JJ., concur.