**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Andrew Marrs, Respondent,

v.

1751, LLC d/b/a Saluda's and South Carolina Uninsured Employer's Fund, Defendants,

Of whom 1751, LLC d/b/a Saluda's is the Appellant.

Appellate Case No. 2012-209408

———————————

Appeal From The Workers' Compensation Commission

———————————

Unpublished Opinion No. 2013-UP-230
Heard May 7, 2013 – Filed May 29, 2013

———————————

**AFFIRMED**

———————————

E. Ros Huff, Jr., and Shelby H. Kellahan, of Huff Law Firm, LLC, of Irmo, for Appellant.

Blake A. Hewitt, Allison P. Sullivan, John S. Nichols, of Bluestein Nichols Thompson & Delgado, LLC, of Columbia, for Respondent.

———————————

**PER CURIAM:**  In this workers' compensation action filed by Andrew Marrs against 1751, LLC d/b/a Saluda's (Saluda's) and the South Carolina Uninsured Employer's Fund[1], Saluda's appeals, arguing the Appellate Panel of the South Carolina Workers' Compensation Commission erred in finding Marrs' knee injury was compensable when it occurred on stairs Saluda's prohibited Marrs from using. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Wright v. Bi-Lo, Inc.*, 314 S.C. 152, 155, 442 S.E.2d 186, 188 (Ct. App. 1994) ("The question of whether an accident arises out of and is in the course and scope of employment is largely a question of fact for the [Appellate Panel]."); *id.* ("Our review of factual issues is limited to whether substantial evidence supports the decision of the [Appellate Panel]."); *Johnson v. Merch.'s Fertilizer Co.*, 198 S.C. 373, 378, 17 S.E.2d 695, 697 (1941) ("'An injury arises 'in the course of employment,' within the meaning of the Workmen's Compensation Act, when it occurs within the period of the employment, at a place where the employee reasonably may be in the performance of his duties, and while he is fulfilling those duties or engaged in doing something incidental thereto.  An accident arises 'out of' the employment, when it arises because of it, as when the employment is a contributing proximate cause.'  These conditions must concur before the act can apply." (quoting *Employers' Liability Assurance Corporation v. Montgomery*, 165 S.E. 903, 904 (Ga. Ct. App. 1932))); *McCoy v. Easley Cotton Mills*, 218 S.C. 350, 355-56, 62 S.E.2d 772, 774 (1950) ("It seems to be well settled that an employee, in order to be entitled to compensation, need not necessarily be engaged in the actual performance of work at the time of injury; it is enough if he is upon his employer's premises, occupying himself consistently with his contract of hire in some manner pertaining to or incidental to his employment."); *Dukes v. Rural Metro Corp.*, 356 S.C. 107, 109, 587 S.E.2d 687, 689 (2003) (noting our supreme court has held an accidental injury that occurs during a routine break from work is compensable under the personal comfort doctrine); *Osteen v. Greenville Cnty. Sch. Dist.*, 333 S.C. 43, 47-48, 508 S.E.2d 21, 23 (1998) (noting the personal comfort doctrine "has consistently been limited to imperative acts such as eating, drinking, smoking, seeking relief from discomfort, preparing to begin or quit work, and resting or sleeping"); *McCoy*, 218 S.C. at 354-56, 62 S.E.2d at 773-74 (determining an employee on a smoke break who was injured after turning and accidentally walking into a piece of copper piping held by a co-employee was

---

[1]  The South Carolina Uninsured Employer's Fund was involved because at the time of Marrs' injury, Saluda's was subject to the Workers' Compensation Act, but was uninsured.

entitled to compensation); *Mack v. Branch No. 12, Post Exchange, Fort Jackson*, 207 S.C. 258, 264-65, 35 S.E.2d 838, 840 (1945) (holding an employee was entitled to compensation resulting from injuries suffered during a smoke break, when his pant leg caught fire after cigarette lighter fluid spilled on it); *Wright*, 314 S.C. at 155, 442 S.E.2d at 188 ("[N]ot every violation of an order given to a workman will necessarily remove him from the protection of the Workmen's Compensation Act. . . .  'Certain rules concern the conduct of the workman within the sphere of his employment, while others limit the sphere itself.  A transgression of the former class leaves the scope of his employment unchanged, and will not prevent the recovery of compensation, while a transgression of the latter sort carries the workman outside of the sphere of his employment and compensation will be denied.'" (quoting *Johnson*, 198 S.C. at 378-79, 17 S.E.2d at 697-98) (citations omitted)).[2]

**AFFIRMED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**

---

[2]  At oral argument, Saluda's conceded the door to the back stairwell had to be left open for emergency purposes to comply with the fire code.  Also, testimony was presented that the cautionary tape may not have been on the broken step at the time of the accident.