DOMENGEAUX, Judge.
Plaintiff, Onie Mae Vickers, individually and on behalf of her three minor children, instituted this suit to recover workmen’s compensation benefits for the death of her husband, Bobby Gene Vickers. Made defendants were Continental Southern Lines, Inc. and Transport Insurance Company, Continental’s workmen’s compensation insurer.
Following trial, judgment was rendered in favor of plaintiff awarding compensation at 65% of decedent’s wages and funeral expenses of $1,500.00. The trial judge, finding defendant’s failure to pay the claim to have been arbitrary and capricious, also awarded 12% penalties and attorney’s fees of $3,000.00. From that adverse judgment, defendants have perfected this appeal.
The record reveals that Bobby Gene Vick-ers was employed as a bus operator by Continental Southern Lines, Inc. Mr. Vick-ers drove a passenger bus to New Orleans on a regularly scheduled run. The run consisted of leaving Alexandria at 12:45 P. M. and arriving in New Orleans 5:05 P. M., the same day. He would then spend the night in New Orleans and depart from New Orleans the following morning at 8:00 A. M., arriving in Alexandria at 12:00 Noon.
On the date of the accident, April 22, 1977, Mr. Vickers arrived in New Orleans on schedule at approximately 5:05 P. M. After completing his duties, he signed out and left the bus terminal. Mr. Vickers was struck and killed at 5:20 P. M. by an automobile as he attempted to cross Tulane Avenue. The site of the accident was approximately four blocks from the bus terminal.
Defendants contend that the accident did not arise out of and in the course of employment.
R.S. 23:1031, the applicable statute, provides in pertinent part:
“If an employee not otherwise eliminated from the benefits of this Chapter, receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated.”
In Lewis v. Bellow, 212 So.2d 540 (La.App. 3rd Cir. 1968), this court stated:
“An employee protected by the Louisiana statute is entitled to receive workmen’s compensation if disabled ‘by accident arising out of and in the course of his employment.’ LSA-R.S. 23:1031. In Kern v. Southport Mill, 174 La. 432, 141 So. 19, 21 (1932), a lead case, our Supreme Court stated that, for purposes of the workmen’s compensation act, (a) ‘an accident occurs in the course of an employment when it takes place during the time of such employment’, and (b) it arises out of the employment when it is ‘the result of some risk to which the employee is subjected in the course of his employment to which he would not have been subject *82 ed had he not been so employed.’ (Italics ours.)”
212 So.2d at 544.
In the present case, did the accident occur “in the course of” employment? Prior to the accident, decedent had completed his duties at the bus terminal and had signed out. He was not required to report for duty until the next morning. However, in Lewis v. Bellow, supra, the court stated:
. Protection of the compensation act extends not only to disabilities incurred in the performance of employment duties, but also to activities reasonably connected with or incidental to them. Bates v. Gulf States Utilities Co., 249 La. 1087, 193 So.2d 255 (1966).”
Department of Transportation regulations and Continental Southern required bus operators on the Alexandria to New Orleans run to get eight hours of rest prior to returning to Alexandria. Continental provided free motel accommodations at the Tamanaea, a motel conveniently located approximately six blocks from the terminal, to encourage employees to comply with the regulations. The trial judge found as fact that decedent was going to the motel when the accident occurred. If decedent had arrived at the motel, he would have been able to rest the required amount of time.
Continental has conceded in oral argument that if Mr. Vickers had survived the walk to the Tamanaea only to be felled by an untimely calamity, such as a fire, while he was there resting the required eight hours, then the accident would be compen-sable under current jurisprudential interpretations. Yet Continental doggedly persists in its view that the bus operators are not protected during their death-defying scramble from the bus terminal to the sanctuary of the Tamanaea, nor during their frantic six block return to the bus terminal the following morning. We are not impressed by the logic of this position. We agree with the trial court that the act of walking to the motel to obtain rest was an activity incidental to Vickers’ employment. Since decedent was killed while performing an activity reasonably connected with his employment, the accident occurred in the course of employment. The result would be different if the trial court had found that Vickers was pursuing his own interests at the time of the accident.
Continental Southern devotes much of its time arguing that the plaintiffs have failed to prove that Vickers was actually going to the motel room provided by Continental Southern when the accident occurred. Yet the trial court found sufficient circumstantial evidence to factually determine that Vickers was en route to the Tamanaea when the unfortunate accident claimed his life. Although that factual question could have been decided either way we do not feel compelled to disturb the able trial court’s finding on this point.
Did the accident “arise out of” decedent’s employment? As stated in Kern, an accident arises out of employment when it is “the result of some risk to which the employee is subjected in the course of his employment to which he would not have been subjected had he not been so employed.” In the present case, decedent’s employment required him to spend the night in New Orleans in order to obtain eight hours rest. Decedent was walking to a motel where a room was reserved for him at Continental’s expense. Had decedent not been required to spend the night in New Orleans by his employment, he would not have been subjected to the risk of being hit while attempting to walk to his motel. Since the necessities of the employer’s business required decedent to be at the place of the accident at the time the accident occurred, death benefits are due his survivors under the Workmen’s Compensation law. Kern v. Southport Mill, supra; Jackson v. Long, 289 So.2d 205 (La.App. 4th Cir. 1974).
ATTORNEY’S FEES AND PENALTIES
The trial judge awarded plaintiff attorney’s fees and penalties. R.S. 22:658 provides, in pertinent part:
“All insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 shall pay the amount of any claim due any insured including any *83 employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12% damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney’s fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, 12% of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney’s fees for the prosecution and collection of such amount. . . ”
In Guillory v. Travelers Insurance Company, 294 So.2d 215 (La.1974), the court stated, in reference to R.S. 22:658:
“The purpose of this penalty provision is to deter insurers from unjustified termination of payments to injured employees during the period of their distress. Poindexter v. South Coast Corp., La.App., 204 So.2d 615 (1967). The penalty provision is stricti juris. Penalties should be imposed only in those instances in which the facts negate probable cause for nonpayment. Hebert v. South Louisiana Contractors, Inc., La.App., 238 So.2d 756 (1970); Chase v. Warren Petroleum Corp., La.App., 168 So.2d 861 (1964).
It is necessary to review the facts surrounding the discontinuance of payments, in order to determine if the action was justified. Lee v. Smith, 248 La. 16, 176 So.2d 413 (1965). In the event that there exists a substantial issue as to whether the disabled workman is entitled to compensation benefits, penalties should be denied. Hull v. Liberty Mutual Ins. Co., La.App., 236 So.2d 847, cert. ref. 256 La. 862, 239 So.2d 361 (1970); Moore v. Great American Ind. Co., La.App., 106 So.2d 771 (1958).”
In the present case, because of the peculiar facts of this case, a substantial issue existed as to whether decedent’s widow and children were entitled to compensation benefits for his death. By reason of the close legal questions involved, the defendant insurer cannot be said to have denied the payment of benefits on an arbitrary or capricious basis. An award of penalties and attorney’s fees is not appropriate under the circumstances. Turner v. United States Fidelity & Guaranty Company, 339 So.2d 917 (La.App. 3rd Cir. 1976), writ granted 341 So.2d 414, app. dismissed 341 So.2d 899 (La.1977).
For the above and foregoing reasons, the judgment of the trial court is reversed insofar as it awards penalties and attorney’s fees to plaintiff. It is affirmed in all other respects.
Costs on appeal are assessed one-half to appellants and one-half to appellee.

AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.