393 So.2d 928 (1981)
Karl S. BLAKEWAY
v.
LEFEBURE CORPORATION and National Union Fire Insurance Company of Pittsburg, a/k/a National Union Fire Insurance Company of Pittsburg.
No. 11839.
Court of Appeal of Louisiana, Fourth Circuit.
January 13, 1981.
Rehearing Denied February 20, 1981.
Nick F. Noriea, Jr. and Eldon E. Fallon and J. Robert Ates, Kierr, Gainsburgh, Benjamin, Fallon & Lewis, New Orleans, for plaintiff-appellant.
Charles W. Schmidt, III, Christovich & Kearney, New Orleans, for defendants-appellees.
Before GULOTTA and SCHOTT, JJ., and C. LENTON SARTAIN, Assigned Judge.
*929 SCHOTT, Judge.
Plaintiff, Karl S. Blakeway, has appealed from a dismissal of his suit against his employer, Lefebure Corporation, and its insurer, for workers' compensation benefits. Shortly after his employment in New Orleans as a service technician plaintiff was sent by defendant to a two-week training seminar in Cedar Rapids, Iowa. The company paid his expenses for travel, lodging and meals, providing him and other seminar participants with a room in the Town House Motel in Cedar Rapids. Seminar classes began on Monday, July 9, 1979, and were conducted from 7:30 A.M. to 4 P.M., Monday through Friday, for the two week period. On Sunday, July 15, 1979, plaintiff was injured when he dove into the motel swimming pool between 5 and 6 A.M. The issue is whether the accident was "arising out of and in the course of his employment" so as to be compensable under LSA R.S. 23:1031.
Plaintiff and the other trainees were paid wages only for the hours they spent in class. They were provided with no allowance or per diem for recreational purposes. Thus, the trainees were on their own for the week end except that their meals and lodging were furnished and they were required to report to class at 7:30 A.M. the following Monday morning for the beginning of the second week of the seminar.
Plaintiff and another trainee, Charles Green returned to the motel at about 3 A.M. on July 15 after an evening of eating and drinking in Cedar Rapids and a neighboring city. They changed into their bathing suits and played table tennis in the recreation area which also contained an indoor swimming pool. After several games plaintiff dove into the pool from the shallow end, seemingly intending to fly over the rope dividing the deep end of the pool and to land in the deep water. He apparently landed in the shallow part of the pool, striking his head and sustaining sever injuries.
For an accident to arise out of the employment it must be the result of some risk to which the employee was subjected in the course of his employment and to which he would not have been subjected had he not been so employed; and to occur in the course of employment it must have taken place during the time of employment. Kern v. Southport Mill, 174 La. 432, 114 So. 19 (1932). As an aid to making such a determination the court in Kern said the following:
"But time, place, and circumstance must determine this. When the ill-fated Titanic foundered in the spring of 1912, all persons aboard her were situated exactly alike as to time and place; but they were not all situated alike as to circumstance. Those who traveled for pleasure were present of their own free choice alone; those who traveled for business, whether their own or that of another, were there of necessity. And, when one finds himself at the scene of accident, not because he voluntarily appeared there but because the necessities of his business called him there, the injuries he may suffer by reason of such accident `arise out of' the necessity which brought him there, and hence `arise out of' his employment, if it so be that he was employed and his employment required him to be at the place of the accident at the time when the accident occurred."
It seems clear from the court's discussion that plaintiff would have been covered had he been injured in a fire in the motel after retiring for the evening. Under such circumstances, the following from § 24.30, The Law of Workmen's Compensation, by Arthur Lawson, would support coverage:
"Thus, it has been uniformly held that a logger who is required to live in a bunkhouse, or a janitor or superintendent who is required to live in an apartment building, or a chef who is required to live in a hotel, should be considered within the protection of the Compensation Act when injured or killed by the burning of his place of residence. Here there is a close causal connection between the requirement of residence and the risk itself, which was the burning of that residence. Similarly, when a logger is injured by the falling of a straw from the bunk above into his open mouth, by an employee, or *930 by falling out of the upper bunk of a double-decker bed, the relations between the required living conditions and the injury is still sufficient to support an award. An even stronger case is that of the strikebreaker who, while living in the employer's bunkhouse, was killed during the night by a bomb thrown by a striker."
However, our suggested hypothetical case and all of the actual cases mentioned in the quotation have the ingredients of a close connection between the employee's work and the necessity of the activity in which the employee was engaged at the time of the accident. In the instant case, we deal with recreational activity under circumstances which raise a question as to its reasonableness.
The employer had to contemplate that plaintiff and the other employees would participate in some recreation during their two-week stay for the seminar. One could hardly expect these employees to retire to their rooms and remain practically immobile on each day when the classes ended and for the week end because the two weeks of classes. The record shows that the motel's recreational facilities were readily available to the employees. From this we conclude that there was coverage had plaintiff met with the same accident while going for a swim just after his Friday afternoon class. Under these circumstances the case would be similar to Rosenquist v. New Amsterdam Casualty Company, 78 So.2d 225 (La.App. Orl.1955) where our predecessor court held that a sales lady and beauty operator employed to sell merchandise and to operate a beauty parlor aboard a vessel operating at sea did suffer a compensable accident when she fell down on the sun deck while in the process of sun bathing. Our hypothetical case of swimming accident occurring shortly after classes would be likewise similar to the facts in Silver Engineering Works, Inc. v. Simmons, 30 Colo.App. 396, 495 P.2d 246 (1972). There the court awarded compensation benefits to the Simmons who went swimming at a nearby beach just after a business conference around mid-day and drowned.
However, our defendants maintain that the particular activity of plaintiff, considering the time and circumstances under which it was taking place, was unreasonable and therefore placed the accident beyond the scope of coverage for compensation purposes. There is no proof that plaintiff was intoxicated although defendants pled that he was and made some effort at trial to prove this. In the final analysis defendants must stand on the proposition that it was unreasonable for plaintiff to play table tennis and go swimming when he returned from his evening on the town with his coemployee as opposed to going to his motel room and retiring for the evening. Activity which might be reasonable for one individual is not necessarily so for another. Life styles differ with personalities. Some require little sleep and enjoy a midnight or an early morning swim while others might find this unreasonable and take their swimming in the afternoon and their rest during the night. We cannot conclude that plaintiff's activities which immediately led up to his accident were necessarily unreasonable, especially considering that the pool was open to plaintiff and the other trainees on a 24-hour basis.
Having reached these factual conclusions, we return to Kern v. Southport Mill, supra, for further assistance in reaching a legal conclusion. The court said the following:
"In determining, therefore, whether an accident "arose out of" the employment, it is necessary to consider only this: (1) Was the employee then engaged about his employer's business and not merely pursuing his own business or pleasure; and (2) did the necessities of that employer's business reasonably require that the employee be at the place of the accident at the time the accident occurred?"
The answer to the first question is that plaintiff was not merely pursuing his own business or pleasure because he was entitled to some reasonable recreation as a part of his employer's business of having to remain in a motel in Cedar Rapids, Iowa, for two weeks during a training seminar. *931 For him, a swim early on Sunday morning was as reasonable as sleeping at that hour or swimming in the same pool on Sunday afternoon. In answer to the second question, the necessities of the employer's business required him to be in that motel for two weeks and included the use of the recreational facilities of that motel on a 24-hour basis. Our conclusions in this connection are bolstered by the following also from the Kern case:
"The question whether or not the employee might have been injured in the same way, and even at the same place and time had he not been called there by the necessities of his employer's business, but had gone there only for his own pleasure or in pursuit of his own business, has nothing whatever to do with the case. It was his employer's business which called him to the place and time of the accident and not his own pleasure or business; and hence his injuries arose out of his pursuit of his employer's business and not out of his pursuit of his own business or pleasure."
R.S. 23:1031 speaks of the two requirements, i. e., arising out of and in the course of his employment. The foregoing discussion seems to be more closely addressed to the question of whether plaintiff's accident arose out of his employment as opposed to being in the course of employment. According to the Kern case the accident occurs in the course of employment when it takes place during the time of employment. While plaintiff was not in a paid status after Friday afternoon he was still required to be in the motel at Cedar Rapids so as to be back at class at 7:30 A.M. on Monday. Thus, we conclude that the accident occurred during the course of his employment. See Vickers v. Continental Southern Lines, Inc., 383 So.2d 80 (La.App. 3rd Cir. 1980).
There is no dispute but that plaintiff is totally and permanently disabled and entitled to maximum benefits under R.S. 23:1221 which the parties have stipulated to be $141 per week.
Accordingly, the judgment appealed from is reversed and set aside and there is judgment in favor of plaintiff, Karl S. Blakeway, and against defendants, The Lefebure Corporation and National Union Fire Insurance Company, decreeing plaintiff to be totally and permanently disabled and entitled to maximum workers' compensation benefits in the amount of $141 per week, beginning July 15, 1979, with legal interest on each weekly benefit from the date it became due until paid, and for all costs of these proceedings.
REVERSED AND RENDERED.