764 So.2d 988 (2000)
John BIEBER, Individually, and Cheryl Bieber, Individually, and as the Natural Tutrix of Kenneth Craig Landry, Jr.
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Gary Paine, Individually and as Father of Kristine M. Paine, General Motors Corporation, American Concrete, A Division of Union Metals Corporation, and Gulf States Utilities Company.
No. 99 CA 0527.
Court of Appeal of Louisiana, First Circuit.
March 31, 2000.
Writ Denied June 16, 2000.
*989 John L. Tyler, Baton Rouge, for Plaintiffs/Appellants, John Bieber, Individually, Cheryl Bieber, Individually, and as Natural Tutrix of Kenneth Craig Landry, Jr.
Kevin Monahan, Baton Rouge, for Intervenor/Appellee, in Proper Person.
Henry Terhoeve, Baton Rouge, for Defendants/Appellees State Farm Mutual Automobile Insurance Co. and Gary Paine.
Paul V. Cassisa, Jr., Oxford, MS, for Defendant/Appellee, General Motors Corporation.
Thomas Lane, Baton Rouge, for Defendant/Appellee, Mehdi Niforoushan.
John Braymer, Baton Rouge, L. Richard Westerburg, Austin, TX, for Defendant/Appellee, Gulf States Utilities Company known as Entergy Utilities Company.
Weldon Hill, Baton Rouge, for Intervenor/Appellee Our Lady of the Lake Hospital.
Before: CARTER and PETTIGREW, JJ., and CLAIBORNE,[1] J. Pro Tem.
CARTER, J.
This appeal arises out of the dismissal of Gulf States Utilities Company (hereinafter "Entergy") from an action seeking damages for personal injuries pursuant to its motion for summary judgment.

FACTS
This case arises from a single vehicle accident that occurred on November 15, 1990. On that date at approximately 2:40 p.m., Kristine Paine was driving several friends home from school in a 1987 Chevrolet Astro Van owned by her father, Gary Paine. Besides Kristine Paine, the other passengers in the vehicle were Kenneth Craig Landry, Jr., Shelton Hay, Amy Broussard, Steve Nilforoushan, Erica Layden, and Kyle Unfried.
The accident occurred when Paine reached for an aerosol can in the glove compartment and attempted to spray it inside the van. Before she could spray the can, Landry and Niforoushan, who were sharing the right front passenger seat, both grabbed Paine's arm. At that point, *990 Paine lost control of the van, which was traveling westbound on Parkmeadow Avenue. The van left the roadway to the right of the pavement, jumped the curve, and struck a mailbox at 11974 Parkmeadow Avenue. After striking the mailbox, Paine mistakenly pushed the accelerator and the vehicle continued on, striking a light pole at 11931 Parkmeadow Avenue. After striking the light pole, the vehicle hit another mailbox, then took a ninety-degree turn to the left, crossed the street and traveled onto the lawn of 11904 Parkmeadow Avenue. The van stopped after striking the house at that location.
As a result of the van's collision with the light pole, a portion of the pole fell on top of the van, causing injuries to Landry. His mother, Cheryl Bieber, and her husband John Bieber filed a lawsuit seeking damages on behalf of themselves and Landry (hereinafter collectively referred to as "plaintiffs"). Named as defendants were State Farm Mutual Automobile Insurance Company, Gary Paine, General Motors Corporation, American Concrete, and Entergy.
The plaintiffs alleged that Entergy was responsible for the accident in that it was negligent in its installation of the light pole, and in strict liability for having the care custody, and control of a defective light pole. Entergy filed a motion for summary judgment on the basis that it owed no duty to the plaintiffs under these circumstances, regardless of the theory of liability asserted, and the case should be dismissed. After a hearing on the matter, the trial judge agreed with Entergy and granted its motion for summary judgment. The plaintiffs appeal.

DISCUSSION
A motion for summary judgment is a procedural device used to avoid a full scale trial when there is no genuine factual dispute. Sanders v. Ashland Oil, Inc., 96-1751, p. 5 (La.App. 1st Cir.6/20/97), 696 So.2d 1031, 1034, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29. Appellate courts are to review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Potter v. First Federal Savings and Loan Association of Scotlandville, 615 So.2d 318, 325 (La.1993). The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966 B.
In 1996, the Louisiana legislature amended LSA-C.C.P. art. 966 by adding paragraph (A)(2), which states in pertinent part:
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action.... The procedure is favored and shall be construed to accomplish these ends.
The summary judgment law, as amended in 1996, was explained in Hayes v. Autin, 96-287, pp. 6-7 (La.App. 3rd Cir.12/26/96), 685 So.2d 691, 694, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41:
Under the amended statute, the initial burden of proof remains with the mover to show that no genuine issue of material fact exists. Under Article 966(C), once the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that material factual issues remain. Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. The amendment to Article 966 brings Louisiana's standard for summary judgment closely in line with the federal standard under Fed. Rule Civ. Pro. 56(c)....
*991 The Legislature amended LSA-C.C.P. art. 966 in 1997 La. Acts No. 483 §§ 1 and 3, in order to clarify 1996 La. Acts No. 9 § 1 of the First Extraordinary Session of 1996 and to legislatively overrule all cases inconsistent with Hayes v. Autin. See 1997 La. Acts No. 483 § 4. Act 483 repealed sections (F) and (G), and amended sections (C) and (E) to read as follows:
C. (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law shall be granted.
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. Thereafter, if the adverse party fails to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
. . . .
E. A summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case.
The retroactive application of the amendment is evidenced by the Legislature's clear expression in § 4 of the Act. The amendment also sought to rectify the misapplication of the article by various state courts in clarifying what the original amendment purported to enact. In our determination of whether the trial court properly granted the motions for summary judgment, we will apply LSA-C.C.P. art. 966 as amended.
Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Rambo v. Walker, 97-2371, p. 4 (La.App. 1st Cir.11/6/98), 722 So.2d 86, 88, writ denied, 98-3030 (La.1/29/99), 736 So.2d 840. Whether we analyze this issue under a negligence theory of liability or a strict theory of liability, the issue remains whether the risk that caused the injury is within the ambit of protection of the duty. See Hart v. Louisiana Power & Light Company, 486 So.2d 936, 937-38 (La.App. 1st Cir.), writ denied, 488 So.2d 1024 (La. 1986). In other words, does Entergy owe a duty to protect a motorist from the harm encountered when his vehicle strikes the pole?
The pole was located three and one-half feet from the back of a curb on a residential street. The pole was not located in the traveled portion of the street. The pole had been placed there nearly twenty years prior to this accident without ever being struck by a motorist. At the time this pole was installed, the City-Parish of East Baton Rouge required these types of poles to be installed three and one-half feet from the back of the curb. There were no facts introduced into evidence that would indicate that Entergy could or should have anticipated this pole would cause a risk of harm to a passing motorist.
Moreover, the deposition excerpts introduced by Entergy indicate that the only cause of this accident was Kristine Paine's failure to maintain control of the van because she was engaged in "horseplay" with the two passengers in the front seat immediately preceding the accident. A motorist has a duty to control an automobile and to maintain a proper lookout. Armand v. Louisiana Power & Light Co., 482 So.2d 802, 804 (La.App. 4th Cir.), writ denied, 484 So.2d 669 (La.1986). A *992 utility company has no obligation to guard against rare exigencies such as an out-of-control vehicle leaving a traveled roadway. Armand, 482 So.2d at 804. This accident could have been avoided if Kristine Paine had operated the van in a careful and prudent manner. Further, Landry's injuries could have been avoided had the driver applied the brakes when she struck the first mailbox, rather than applying the accelerator, which caused the van to continue onward, striking the pole.
We cannot say that any facts were presented that would raise an issue of whether Entergy owed a duty to protect a motorist who had lost control of her vehicle from any harm that would be produced when the vehicle strikes a light pole located three and one-half feet away from a curb on a residential street.[2] After our review of the record, we find that under the facts of this case, Entergy is entitled to judgment as a matter of law because it owed no duty to a motorist and passengers in a vehicle that left the roadway due to the loss of control of the vehicle.

CONCLUSION
After our review of the record, we find the trial court properly granted the motion for summary judgment filed by Gulf States Utilities Company. All costs of this appeal are assessed against plaintiffs, John Bieber, individually, and Cheryl Bieber, individually, and as natural tutrix of her minor son, Kenneth Craig Landry, Jr.
AFFIRMED.
NOTES
[1] Hon. Ian W. Claiborne, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Both parties refer to an affidavit of plaintiff's expert, Dr. Jarvis Michie, who allegedly gives an opinion that the pole was defective in design. Neither the affidavit, which was supposedly attached to plaintiff's opposition to the motion for summary, nor the opposition is included in the record. However, the issue before this court is resolved on the question of whether a duty was owed, which would be the same under both negligence and strict liability. Accordingly, Dr. Michie's affidavit is irrelevant regarding the issue of whether defendants owed a duty under these circumstances.