hWILLIAMS, Judge.
In this personal injury action, the plaintiffs, Tisha and Todd Clark, appeal a judgment in favor of the defendants, James and Julia White, James Hayes, and State Farm Fire & Casualty Company (“State Farm”). The trial court found that the horse which bit Tisha Clark did not present an unreasonable risk of harm. For the following reasons, we affirm.
FACTS
On April 14, 1996, the plaintiff, Tisha Clark, was picking up trash near her residence in an area adjacent to Highway 3005 in Lincoln Parish, Louisiana. She crossed the highway and walked toward pastureland owned by James Hays and Julia White, who are brother and sister. The pasture was enclosed by a four and one-half foot barbed-wire fence. According to the plaintiff, she was standing in a shallow ditch when she heard the sound of a horse running toward her. The horse came over the fence, bit the plaintiffs right breast and pulled her up off of her feet, dragging her into the barbed wire. The plaintiffs injuries included contusions to her right breast, a cut left finger and abrasions on her left hand.
The plaintiffs, Tisha and Todd Clark, filed a petition for damages against the defendants, James and Julia White, James Hayes, and State Farm. The trial testimony indicated that plaintiff had been bitten by a stallion, which was used as a stud horse and was owned by James Hays and Julia White. The trial court rendered judgment in favor of defendants, dismissing the plaintiffs’ claims.
*372 Applying a risk/utility analysis, the trial court found that the plaintiffs risk of being injured by a horse bite while near the area of fenced pastureland was quite low compared to the important social and economic utility of horses in the community. Consequently, the court concluded that the horse did not represent an unreasonable risk of harm to the plaintiff, and thus the defendants were not hable for her injuries. The plaintiffs appeal the judgment.
| .DISCUSSION
The plaintiffs contend the trial court erred in finding that the horse did not present an unreasonable risk of harm. Plaintiffs argue that the act of defendants’ horse in biting Tisha Clark created an unreasonable risk of harm, which caused her injury.
LSA-C.C. art. 2321 provides that the owner of an animal is answerable for the damage caused by the animal. In order to recover under Article 2321, the plaintiff is required to prove that the animal causing her injury was owned by the defendant, that the animal created an unreasonable risk of harm, and that the damage occurred through this risk. Boyer v. Seal, 553 So.2d 827 (La.1989); Bowen v. Skillman, 28,217 (La.App.2d Cir.4/3/96), 671 So.2d 1216. The determination of whether the defendant has maintained a thing which presents an unreasonable risk of harm requires a balancing of claims and interests and a weighing of the risk and gravity of the'harm. Boyer v. Seal, supra; Smith v. American Indemnity Ins. Co., 598 So.2d 486 (La.App. 2d Cir.1992).
A court of appeal should not set aside a trial court’s finding of fact in the absence of manifest error or unless it is clearly wrong. Stobart v. State Dept. of Transp. & Development, 617 So.2d 880 (La.1993). The task of a reviewing court is to assess whether the fact finder’s resolution of conflicting evidence was reasonable in light of the record as a whole. Fowler v. Wal-Mart Stores, Inc., 30,843 (La.App.2d Cir.8/19/98), 716 So.2d 511.
In the present case, the trial court heard testimony that at the time of the accident, the defendants’ 900-pound horse was approximately five years old and had not been saddle broken. Billy Aycock, a horse trainer who purchased the defendants’ horse shortly after the incident, testified that in his experience horses will bite as part of -their behavior. Aycock stated that he had looked over the horse before the purchase and did not observe any marks indicating that the horse had 13been cut by barbed wire in an attempt to go over the fence.
Tisha Clark testified that she owned a horse at the time of her injury, that she was familiar with the care of horses, and that she was aware that horses will bite at times. Although Clark insisted that the horse had “come over” the fence in order to bite her, the evidence presented did not indicate damage either to the barbed-wire fence or to the horse that would be consistent with this large animal lifting itself over and making contact with the fence. Rather, the testimony in the record supports the trial court’s finding that the horse was enclosed behind a four and one-half foot barbed-wire fence when the incident occurred and that the evidence did not demonstrate that the horse had ever escaped from the enclosure.
The trial judge heard the testimony and weighed the credibility of the witnesses. The testimony indicated that, as would be the case with any horse, a person who came into proximity with the defendants’ horse faced the risk of being bitten. The plaintiffs presented evidence to establish that the horse bit Tisha Clark, causing a serious injury. However, based upon this record, the plaintiffs failed to satisfy their burden of proving that this risk was unreasonable under circumstances in which the horse was confined in a fenced pasture in a rural area.
*373 Consequently, we cannot say the trial court erred in concluding that the behavior of the defendants’ horse did not create an unreasonable risk of harm to the plaintiff. Therefore, we will not disturb the result. The assignment of error lacks merit.
CONCLUSION
For the foregoing reasons, the trial court’s judgment dismissing the claims of the plaintiffs is affirmed. Costs of this appeal are assessed to the appellants, Tisha and Todd Clark.
AFFIRMED.