807 So.2d 1182 (2002)
Classie SPEARS and Robert Robertson
v.
Gregory L. JONES, Turner Industrial Services, Inc., Wheels Inc., and National Union Fire Insurance Company
No. 2000 CA 2799.
Court of Appeal of Louisiana, First Circuit.
February 15, 2002.
*1183 Al Ambrose Sarrat, Darleen M. Jacobs, New Orleans, for Plaintiff/1st Appellant, Classie Spears.
Thomas E. Balhoff, Judith R. Atkinson, Carlton Jones, III, Baton Rouge, for Defendants/Appellees, National Union Fire Ins. Co. of Pittsburg, Penn as insurer of Turner Industrial Services, Inc. and Wheels, Inc.
J. Alan Jordan, Edythe L. Koonce, Baton Rouge, for Defendant/2nd Appellant, Gregory L. Jones.
Before: CARTER, C.J., PARRO, and CLAIBORNE,[1] JJ.
CARTER, C.J.
The plaintiff, Classie Spears, appeals a motion for summary judgment granted in favor of defendant, Turner Industrial Services, Inc. (Turner) finding that its employee, Gregory L. Jones, was not in the course and scope of his employment at the time he was involved in an automobile accident with her.

FACTS
On December 6, 1997, Jones was employed with Turner at the Dupont facility in De Lisle, Mississippi, performing hydro blasting and industrial maintenance work. Because their work schedule required the Turner employees to spend at least a week at the facility, Jones, his supervisor, Albert Cook, Jr., and another worker, Byron Perkins, were staying at the Days Inn Diamondhead Resort near De Lisle, Mississippi. Turner had assigned Cook a vehicle, specifically a Ford F-350 crew cab. Jones and Perkins did not have their vehicles with them, because they had traveled from Baton Rouge to the job site in the Turner vehicle. Usually in the evenings after their shifts were over, Cook would allow Jones and Perkins to use the Turner vehicle to get something to eat or run an errand to the local store.
On December 6, 1997, Cook, Perkins, and Jones had completed their shift at the Dupont facility around 5:00 in the evening. Approximately an hour later, while they were back at the hotel, Jones asked Cook *1184 for permission to borrow the vehicle so he and Perkins could get something to eat. Cook agreed, gave Jones the keys, and left for dinner with a companion in the companion's vehicle.
After Jones and Perkins returned from dinner between 9:00 and 10:00 p.m., Jones received a telephone call from his girlfriend in Baton Rouge informing him that she had been involved in an accident. Jones decided to drive to Baton Rouge to check on his girlfriend and to return to work in Mississippi the next morning. Before leaving for Baton Rouge, Jones attempted to locate Cook to get approval to return to Baton Rouge. Although he could not locate Cook, Jones left for Baton Rouge in the Turner vehicle with Perkins accompanying him. As Jones and Perkins approached Baton Rouge on Interstate 12, they were involved in an accident in Tangipahoa Parish when Jones hit a vehicle owned by Robert Robertson and driven by Classie Spears. Following the accident, Jones was arrested and charged with driving under the influence after his blood alcohol test exceeded the legal limit.
Classie Spears filed suit against Jones, Turner, Wheels, Inc., the owner of the vehicle, and National Union Fire Insurance Company, the insurer of the truck, seeking damages for the injuries she sustained in the accident. In the same lawsuit, Robert Robertson sought damages for the property damages sustained by his van in the accident.
On July 12, 2000, Turner and National Union Fire Insurance Company filed a motion for summary judgment claiming that at the time of the accident, Jones was not in the course and scope of his employment with Turner, thus Turner could not be found vicariously liable. In support of its motion, Tuner introduced the depositions of Cook and Jones. Spears and Jones both opposed the motion. In support of her opposition, Spears filed excerpts from the depositions of Cook and Jones, as well as discovery responses.
After a hearing on the motion for summary judgment, the trial court found that Jones was not in the course and scope of his employment at the time of the accident and dismissed Turner from the case. The trial court denied summary judgment as to the automobile liability insurer of the vehicle, Nation Union Fire Insurance Company and declined to dismiss it from the case, because the issue of permitted use of the truck remained unresolved.
Spears and Jones appeal the trial court's granting the motion for summary judgment dismissing Turner from the case.[2]

DISCUSSION
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there are no genuine factual disputes. Allen v. Blanchard, 99-0277, p. 3 (La.App. 1st Cir.3/31/00), 763 So.2d 704, 706. Appellate courts are to review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Potter v. First Federal Savings & Loan Association, 615 So.2d 318, 325 (La.1993). The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966 B.
The burden of proof is on the mover. If, however, the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover's *1185 burden on the motion does not require that all essential elements of the adverse party's claim, action or defense be negated. Instead, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to provide factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. LSA-C.C.P. art. 966 C(2); Calhoun v. Hoffman-La Roche, Inc., 98-2770, p. 5 (La.App. 1st Cir.2/18/00), 768 So.2d 57, 61, writ denied, XXXX-XXXX (La.6/23/00), 765 So.2d 1041.
Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Bieber v. State Farm Mutual Auto. Insurance Co., 99-0527, p. 5 (La.App. 1st Cir.3/31/00), 764 So.2d 988, 991, writ denied, XXXX-XXXX (La.6/16/00), 765 So.2d 337. Vicarious liability is based on LSA-C.C. art. 2320, which provides in part, "[m]asters and employees are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed." Under article 2320, an employer can be held liable for an employee's tortious conduct only if the employee is acting within the course and scope of his employment. Orgeron v. McDonald, 93-1353, p. 4 (La.7/5/94), 639 So.2d 224, 226.
As a general rule, the jurisprudence has identified four factors to consider in making a vicarious liability determination, including whether the tortious act: (1) was primarily employment rooted; (2) was reasonably incidental to performance of employment duties; (3) occurred during work hours; and (4) occurred on the employer's premises. It is not necessary that each of the factors be present in each case, and each case must be decided on its own merits. Under the test originally set forth in LeBrane v. Lewis, 292 So.2d 216 (La. 1974), an employer is responsible for the negligent acts of its employee when the conduct is so closely connected in time, place, and causation to the employment duties of the employee that it constitutes a risk of harm attributable to the employer's business. The scope of the risks attributable to an employer increases with the amount of authority and freedom of action granted to the employee in performing assigned tasks. However, an employer is not responsible for an employee's conduct that is motivated by purely personal considerations entirely extraneous to the employer's interests. See Emoakemeh v. Southern University, 94-1194, p. 4 (La. App. 1st Cir.4/7/95), 654 So.2d 474, 476-77 (and authorities cited therein).
In the present case, Jones' accident occurred as he drove back to Baton Rouge to check on his girlfriend. It was clear Jones had permission to use the Turner vehicle to get dinner and run a brief errand. His trip back to Baton Rouge was unrelated to these errands. However, whether Jones was operating the Turner vehicle with the express or implied permission of his employer was not an issue in the motion for summary judgment and is not an issue before this court on appeal. Although Jones had worked less than 16 hours and was technically subject to being called back to the plant, the accident occurred shortly after midnight, more than six hours after he had left the Dupont facility. Cook's deposition revealed that when he returned to the motel and realized the Turner vehicle was gone, he attempted to page Jones, but his page was never returned. The accident occurred at least two hours after Jones left the motel as Jones was returning to his home on an *1186 admitted personal mission that had nothing to do with his employment activities for Turner. It is evident that Jones' motivation was based on his own personal interests, which were unrelated to any interest of his employer.
Appellants point to the case of Blakeway v. Lefebure Corp., 393 So.2d 928 (La.App. 4th Cir.1981), writ denied, 399 So.2d 610 (La.1981), wherein the court determined that injuries sustained on a Sunday morning as the claimant dove into a swimming pool located at a motel where he was staying during a two-week job training seminar arose out of and in the course of his employment, entitling him to workers' compensation benefits. The Blakeway court reasoned that the employer had to contemplate the claimant and other employees would participate in some recreation that was available 24 hours a day during their two-week stay for the seminar, appellants contend Turner should similarly have anticipated one of its employees might be summoned back home to respond to an emergency situation. According to appellants, a journey home under such circumstances would place the employee in the course and scope of his employment.
We disagree. While it is certainly reasonable to anticipate that such a situation might arise wherein an employee needed to return home, this is not a factor that has been recognized by the jurisprudence in determining whether and employer would be vicariously liable for an employee's tort committed during such an excursion. Rather, in Blakeway, the court was faced with a determination of whether the injured employee was entitled to workers' compensation, as opposed to whether an injured third party could recover from the employer for the torts of the employee. In Blakeway, the court found that it must be the result of some risk to which the employee was subjected in the course of his employment and to which he would not have been subjected had he not been so employed. The present case does not present a claim made by Jones against his employer, but by a third party seeking to hold Tuner vicariously liable for the alleged negligence of Jones. Thus, the considerations contemplated by the court in Blakeway are not applicable to the case before this court.

CONCLUSION
Based on our review of the record, we conclude that Gregory Jones was not in the course and scope of his employment at the time of his accident with Classie Spears. Accordingly, the trial court properly granted the motion for summary judgment on behalf of Turner Industrial Services, Inc. That judgment is affirmed and all costs of this appeal are assessed to Classie Spears and Gregory Jones.
AFFIRMED.
NOTES
[1] Hon. Ian W. Claiborne, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Robert Robertson was dismissed as a plaintiff in this case.