828 So.2d 190 (2002)
Michael Mark ALLEN, Plaintiff-Appellee,
v.
STATE FARM FIRE AND CASUALTY COMPANY, Amy Slaton, and John Slaton, Defendants-Appellants.
No. 36,377-CA.
Court of Appeal of Louisiana, Second Circuit.
September 18, 2002.
*191 Ronald Forrest Lattier, Shreveport, for Defendants-Appellants.
Curtis Ray Joseph, Jr., for Plaintiff-Appellee.
Before WILLIAMS, STEWART and HARRISON (Pro Tempore), JJ.
HARRISON, Judge Pro Tempore.
Michael Mark Allen filed suit for personal injuries after his hand was severely injured by a dog bite. Allen obtained a summary judgment on the issue of liability against the owners of the dog, John and Amy Slaton, and their homeowners insurer, State Farm, who now appeal. We affirm.

Procedural background
On April 18, 1999, Allen was visiting his girlfriend (now his wife), Robin Carr, at her home on Cherry Oak Lane in Haughton. Ms. Carr's next door neighbors were John and Amy Slaton. Separating the two yards was a wooden "privacy fence" consisting of vertical boards bound by three horizontal nailer boards. The Slatons were not at home, but one of their dogs, an American bulldog named "Walker," was in the backyard.
While Allen and Ms. Carr were barbecuing, Ms. Carr's dog, a miniature dachshund, *192 ran to them with blood dripping from his lip. Allen noticed that one of the vertical boards was "warped out" into Mrs. Carr's yard and loose from the bottom nailer. He suspected that Walker may have poked his head through and bitten the dachshund. He fetched a hammer and nails to repair the fence and prevent further incidents.
As Allen reached down to hammer a nail into place, Walker thrust his head through the fence and clamped his teeth on Allen's left index and middle fingers. The dog tugged Allen's hand through the fence in a struggle that dislodged the loose board. When Allen pulled his hand back through the hole, the tip of his middle finger was missing and his index finger was deeply punctured.
Through the hole, Allen could see his severed fingertip lying in the Slatons' yard and wanted to retrieve it. Afraid that Walker would attack him again if he tried, he got a .357 revolver out of his truck and shot the dog three times. Police arrived and helped restrain the dog before Allen actually retrieved the finger. Doctors were, however, unable to reattach it. The end of his middle finger had to be amputated. The index finger healed without any problems.
Allen sued the Slatons and State Farm for the damage inflicted by the dog bite under La. C.C. art. 2321. The defendants answered, asserting that the injuries resulted solely from Allen's negligence in provoking the dogs, and in trespassing on and tampering with the Slatons' property.
Allen filed the instant motion for summary judgment on the issue of liability. In support he filed his own deposition, together with those of Ms. Carr and the Slatons. His own deposition related the facts outlined above, adding that he considered the bulldog "very aggressive." Allen testified he was always on Ms. Carr's side of the fence and unaware that the dog was directly across from him. He also testified that he never did anything to provoke the dog before it bit him. Ms. Carr corroborated Allen's account of the incident. Notably, she never saw him provoke the dog, and when it attacked him, he was on her side of the fence but had not yet started to repair it. The Slatons' depositions confirmed that they owned Walker and had taken no steps other than the privacy fence to restrain him. Mr. Slaton admitted that he had repaired boards on the fence in the past, but neither he nor his wife had noticed that this particular board was loose.
The defendants opposed the motion for summary judgment, citing summary judgment evidence and urging that genuine issues of material fact remained. These issues included whether the fence was defective, whether Allen provoked the dog, whether his injuries were actually caused by a dog bite, whether the dog had "dangerous propensities," and whether the damage to the fence was caused by the Slatons' dogs. The defendants also cited Ms. Carr's inability to remember the name of the neighborhood child that Walker had previously bitten.
The parties submitted the matter on the summary judgment evidence and the arguments of counsel. The District Court granted the motion for summary judgment as to liability and rendered judgment accordingly. The defendants have appealed.[1]

Applicable law
Summary judgment procedure is designed to secure the just, speedy and *193 inexpensive determination of all except certain disallowed actions. The procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A(2); Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191. A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966 B. Once the mover makes a prima facie showing that there is no genuine issue of material fact, the opponent must produce factual support to avert the summary judgment. La. C.C.P. art. 966 C(2). Speculation that a jury might disbelieve the mover's witness is not grounds to deny a summary judgment. Babin v. Winn-Dixie Louisiana Inc., 00-0078 (La.6/30/00), 764 So.2d 37.
Whether a particular fact in dispute is material can be assessed only in light of the substantive law applicable to the case. Brittain v. Family Care Services Inc., 34,787 (La.App. 2 Cir. 6/20/01), 801 So.2d 457; Spears v. Jones, 00-2799 (La.App. 1 Cir. 2/15/02), 807 So.2d 1182, writs denied 02-0663, 0767 (La.5/3/02), 815 So.2d 106, 826.
Appellate review of the grant or denial of summary judgment is de novo. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181 (La.2/29/00), 755 So.2d 226.
The liability of animal owners is regulated by La. C.C. art. 2321, which provides as follows:
The owner of an animal is answerable for the damage caused by the animal. However, he is answerable for the damage only upon a showing that he knew or, in the exercise of reasonable care, should have known that his animal's behavior would cause damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nonetheless, the owner of a dog is strictly liable for damages for injuries to persons or property caused by the dog and which the owner could have prevented and which did not result from the injured person's provocation of the dog. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case. (Emphasis added.)
This article was amended in the tort reform legislation of 1996, La. Acts 1996, 1st Ex.Sess., No. 1, § 1, to overturn jurisprudence which had interpreted the prior version of the article as imposing strict liability on all animal owners for the damages caused by their animals. See, e.g., Holland v. Buckley, 305 So.2d 113 (La.1974). The 1996 revision effectively ended strict liability for all animal owners except dog owners. See, Joseph S. Piacun, The Abolition of Strict Liability in Louisiana: A Return to a Fairer Standard or an Impossible Burden for Plantiffs?, 34 Loy. L.Rev. 215, 231-234 (1997). The revision retains strict liability for dog owners, defining a three-part test for determining liability. First, the dog must have actually caused the damage to the plaintiff's person or property. Second, the owner must have been able to prevent the damages, but failed to do so. Third, the damages must not have been caused by the injured person's provocation of the dog. Id.[2]
*194 Discussion
By their first assignment of error, the defendants urge that Allen did not prove that the Slatons' dog posed an unreasonable risk of harm, and thus is not entitled to judgment as a matter of law. In support, they cite Bradford v. Kaster, 98-0758 (La.App. 1 Cir. 5/14/99), 732 So.2d 827, writ denied 99-1612 (La.9/17/99), 747 So.2d 567, and Dubois v. Economy Fire & Cas. Co., 30,721 (La.App. 2 Cir. 6/24/98), 715 So.2d 131. According to the defendants, the plaintiff must prove that the animal posed an unreasonable risk of harm. This requires a "balancing of claims and interests, a weighing of the risk and gravity of the harm and a consideration of individual and societal rights and obligations." Dubois, supra, quoting Boyer v. Seal, 553 So.2d 827 (La.1989). The defendants contend that this weighing and balancing cannot be made on motion for summary judgment.
Significantly, both Bradford and Dubois involved injuries that predated the 1996 amendment to art. 2321. The amended article controls any dog bite occurring on or after April 16, 1996. La. Acts 1996, 1st Ex.Sess., No. 1, § 2. Because this incident occurred in April 1999, the Slatons' liability for damages caused by their dog is subject to the three-part test described above. As noted, the amended article does not require the plaintiff to show that the dog itself posed an unreasonable risk of harm.[3] This assignment of error lacks merit.
By their second assignment, the defendants urge, as they did below, that several genuine issues of material fact remain, precluding the summary judgment. We have reviewed the summary judgment evidence de novo. Independent Fire Ins. Co. v. Sunbeam Corp., supra.
The first element is whether the Slatons' dog actually caused Allen's damage. Allen's affidavit and deposition establishing this fact are clear and unequivocal. Ms. Carr corroborates him. No evidence suggests that he was bitten by any other dog or injured in any other accident. To counter this prima facie showing, the defendants cite the deposition of Dr. Townsend, the dog's veterinarian, who could not say whether Allen's injuries were caused by Walker because he never examined the injuries. However, Dr. Townsend's remarks are not based on first-hand knowledge and amount to mere speculation that something else may have caused the injury. This does not create a genuine issue of material fact. Babin v. Winn-Dixie La., supra.
The second element is whether the owner could have prevented the damage but failed to do so. The summary judgment evidence shows, and the defendants concede, that the Slatons' dogs were restrained only by the privacy fence. The defendants contend that the fence adequately served its purpose by preventing the dogs from leaving or exiting the yard. This, however, does not discharge the owner's duty. The amended art. 2321 recognizes *195 the obvious and great risk that a dog might bite someone. The article therefore imposes on the owner a duty to prevent dog bites and other damage. The fence failed to do this. The Slatons could have chained the dog or kept it indoors. The summary judgment evidence presented creates no genuine issue of material fact; the Slatons could have prevented this accident.
The defendants also urge there is a genuine issue as to the condition of the fence. In deposition, Mr. Slaton admitted that since he built the fence in 1997, he had repaired "possibly one or two boards," but he was unaware that this particular board was loose on the day of the dog bite. However, his lack of knowledge does not defeat the direct observation of Allen and Ms. Carr that the board was loose from its bottom nailer, permitting the dog to stick its head through and bite Allen. This does not create a genuine issue of material fact.
The final element is provocation. The affidavits and depositions of Allen and Ms. Carr establish that Allen did not provoke the dog. The defendants cite the deposition of Mrs. Slaton, who felt that Allen must have done "something" to her dogs because it was "not their nature" to bite. The defendants also cite the deposition of Dr. Townsend, who described Walker as having a "good" disposition. Again, neither of these witnesses had first-hand knowledge of the incident and provide nothing more than speculation to refute Allen's and Ms. Carr's positive testimony. This does not create a genuine issue of material fact. Babin v. Winn-Dixie La., supra.
In sum, Allen presented evidence showing no genuine issue of material fact as to any element of a dog bite claim under La. C.C. art. 2321, and that he was entitled to judgment as a matter of law. The defendants failed to adduce any evidence based on first-hand knowledge to refute Allen's showing. We therefore affirm the summary judgment.

Conclusion
For the reasons expressed, the summary judgment in favor of Michael Allen and against the defendants is affirmed at the defendants' cost. The case is remanded for further proceedings.
AFFIRMED.
NOTES
[1] Although it is a partial judgment that does not decide the entire case, the judgment is appealable under La. C.C.P. art. 1915 A(3).
[2] Prior to the amendment, the jurisprudence had defined the elements of an art. 2321 claim as follows: (1) The animal causing the damage belonged to the defendant; (2) The animal created an unreasonable risk of harm; (3) The damage occurred through this risk. Boyer v. Seal, 553 So.2d 827 (La.1989); Clark v. White, 32,872 (La.App. 2 Cir. 4/5/00), 758 So.2d 370, writ denied 00-1336 (La.6/23/00), 765 So.2d 1047.
[3] The defendants similarly contend that a genuine issue of material fact exists because of a statement in Ms. Carr's deposition. Ms. Carr testified that a neighborhood girl had been bitten by one of the Slatons' dogs prior to this incident. In response to a request for production, Allen initially said he did not know the name of the girl; later, he said it was a woman named Mitzi who worked for Dr. Townsend. In deposition, however, Dr. Townsend denied that Walker had ever bitten any of his employees. The defendants urge that this discrepancy creates a credibility issue and precludes summary judgment. Since the disposition of the dog is no defense under art. 2321, this is not a material fact.